UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

JAQUETTA ANN COOPWOOD,

                                                Case No.
                    Plaintiff,                  Hon.

-vs-

COUNTY OF WAYNE,
SGT. WATT,

                    Defendants.

Kevin A. Landau (P65601)
The Landau Group, PC
38500 Woodward Ave., Ste. 310
Bloomfield Hills, MI 48304
248.247.1153/248.671.0884 (fax)
kevin@thelandaugroup.com
*Attorneys for Jaquetta Ann Coopwood*

## PLAINTIFF'S COMPLAINT AND JURY DEMAND

NOW COMES the Plaintiff JAQUETTA ANN COOPWOOD ("Coopwood" or "Plaintiff") by and through her attorneys, The Landau Group, P.C., and for her Complaint against the Defendants COUNTY OF WAYNE ("Wayne County"), and SGT. WATT ("Watt") (collectively "Defendants"), states as follows:

## PARTIES, JURISDICTION AND VENUE

1.  Plaintiff asserts that the statutory or other basis for the exercise of jurisdiction in this United States Federal District Court is based upon a federal question asserted under 42 U.S.C. 1983 as to violations of Plaintiff rights under the U. S. Constitution and laws, including those under the Eighth Amendment, as well as supplemental jurisdiction for Plaintiff's State claims asserted pursuant to 28 U.S.C. 1367(a); all of which Plaintiff requests to be tried and heard before a jury.

2.   At all relevant times mentioned in this Complaint, Plaintiff was a resident of Wayne County, Michigan, at the Wayne County Jail awaiting proceedings for a criminal charge.

3.   At all times mentioned herein, the County of Wayne was and is a public entity and/or municipality (hereinafter "County").

4.   At all times mentioned herein, Defendant Sgt. Watt was an officer, agent, and employee of Wayne County, and was a sergeant or deputy at the Wayne County Jail, operating in her individual and official capacity. Plaintiff is unaware of Defendant Watt's first name but will amend the complaint once this is discovered.

5.   Plaintiff recalls Watt being a tall, African American woman around the age of 50, with short hair, and a slender build.

6.   Watt was wearing heavy black boots, presumptively issued or accepted by her employer, at all relevant times herein.

**STATEMENT OF FACTS**

7.   On or about August 13, 2017, Ms. Coopwood was remanded to Wayne County Jail, she was six (6) months pregnant, suffered from a history of serious mental health impairment, her conditions of which were known by the Defendants.

8.   During the incidents described herein, Plaintiff's status was nothing more than a pre-trial detainee.

9.   Ms. Coopwood was housed in a smaller unit at the jail for reasons relative to her mental health and pregnancy statuses.

10. On August 17, 2017, at roughly 1:30 pm, Defendant Watt made her rounds and had no substantial contact with Ms. Coopwood; all inmates of the jail were on lockdown in their cells.

2

11. At or around 2:30 pm, Ms. Coopwood, walked to the desk where Sgt. Watt was located, and requested to make a phone call to her sister to let her know that she was doing "okay".

12. Ms. Coopwood tapped on the guards window with the knuckle on her index finger, Watt replied; "Bitch, if I want to help you…I would be in the middle…I'm doing something. Go lockdown."

13. Ms. Coopwood replied, "are you going to help me?"

14. Defendant Watt hung up her phone, walked around the guard station to where Plaintiff was located, grabbed her right hand, bent it back, and dragged her back to her cell by both the fingers and hair.

15. Ofc. Alan and Nurse Crenshaw heard Plaintiff screaming in pain.

16. Watt led Plaintiff back to her cell in the same violent fashion, kicked Ms. Coopwood in the stomach extremely hard with her heavy black boot and promptly returned to her guard desk.

17. Ofc. Alan said to Watt that she did not have to do that.

18. Nurse Crenshaw left and returned about an hour later with Tylenol.

19. Plaintiff was in severe pain after being kicked and dragged by Watt; cramping on the right side, with a bloody discharge from her vagina.

20. Plaintiff remained in thriving pain for the rest of the day but was not treated by a physician.

21. Plaintiff continued to complain of said pain and her bloody discharge, neither of which abated for days thereafter.

22. Finally, after Ms. Coopwood's condition did not improve she was taken to Hutzel Hospital on or about August 19, 2017.

3

23. At Hutzel, it was discovered that the Plaintiff's unborn fetus, she had affectionately named "Dayton" was in critical condition.

24. Plaintiff stayed at Hutzel for another day or two, but remained in pain thereafter for the next month, whereby she continued to have  blood discharge from her vagina.

25. After multiple other visits to Hutzel, it was determined that the pregnancy had to be terminated, and therefore, Ms. Coopwood lost her child Dayton.

26. Accordingly, as a result of the excessive force and gross negligence of Sgt. Watt and the Wayne County Jail, Ms. Coopwood lost her baby Dayton.

27. Ms. Coopwood brings the instant lawsuit to enforce her constitutional rights and equitable remedies for the egregious and unconstitutional actions of Defendants Watt and the Wayne County Jail.

## CAUSE OF ACTION ONE

### Violation Of Civil Rights Under 42 U.S.C. §§ 1983

### (EXCESSIVE FORCE IN VIOLATION OF THE FOURTEENTH AMENDMENT'S DUE PROCESS AND EQUAL PROTECTION CLAUSE)

28. Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 27, inclusive, as though set forth in full herein.

29. Sgt. Watt used excessive force against Plaintiff, in violation of the Fourteenth Amendment's Due Process and Equal Protection Clause.

30. Sgt. Watt's use of that force was objectively unreasonable.

31. Sgt. Watt was an employee or official for the County of Wayne, at the Wayne County Jail acting in her capacity as a jail guard, when the incident against Plaintiff occurred.

32. Sgt. Watt was acting under color of state and federal law in her capacity as a jail guard for the County when she used excessive force against Plaintiff.

33. Sgt. Watt and Wayne County deprived Plaintiff of a right secured by the constitution of Michigan and the United States, when Sgt. Watt used excessive force against her, namely, Plaintiff's rights of due process and equal protection under the 14th Amendment were violated.

34. Defendants used excessive force against Plaintiff when she was a pretrial detainee.

35. The excessive force used by Defendants in violation of Plaintiff's constitutional rights occurred when Sgt. Watt grabbed Plaintiff's hand, bent her fingers back, dragged her by her fingers and hair, and kicked plaintiff hard in her belly while she was pregnant.

36. Ms. Coopwood posed absolutely no threat or danger to Sgt. Watt, and her actions were not rationally related to a legitimate governmental objective or her actions were excessive in relation to that purpose.

37. Sgt. Watt's use of force was unreasonable under the circumstances.

38. Further, as a pretrial detainee, this excessive force used, amounted to a punishment against Ms. Coopwood, which the Due Process Clause protects. Sgt. Watt's force was as a result of her agitation for having being disturbed, not for any other purpose whatsoever.

39. The actions taken against Ms. Coopwood by Watt, were not rationally related to a legitimate nonpunitive governmental purpose and the actions were excessive in relation to that purpose.

40. As a result of Watt's decision to employ unreasonable and unnecessary violence against the Plaintiff, Ms. Coopwood lost her unborn child.

41. As a direct result of these Defendants' violations, and in accordance with 42 U.S.C. §1983, Plaintiff's civil rights have been violated in that she has suffered an incalculable loss of

her unborn baby, and the love and affection that comes from that blessed relationship and a

lifetime worth of memories and support that were destroyed as a result of the Defendants'

indefensible actions.

42. In addition to the loss of her baby, Plaintiff physically suffered excruciating pain of

which she was forced to endure for months, along with frequent bloody vaginal discharge,

extreme mental anguish, anxiety emotional distress, depression, anxiety, and PTSD.

43. Plaintiff is entitled to attorney's fees, costs and expenses in this matter, as authorized by

42 U.S.C. §1988 in an amount not yet ascertained, all of which shall be shown according to

proof at trial.

44. Defendants' wrongful conduct as herein alleged was done with reckless disregard for the

rights of the Plaintiff, and as a result of such conduct, Plaintiff is therefore entitled to recover

punitive and exemplary damages from said Defendants' wrongful acts for the purposes of

punishing said Defendants and to deter others from such conduct

in the future.

### CAUSE OF ACTION TWO

### Violation Of Civil Rights Under 42 U.S.C. §§ 1983

### (EXCESSIVE FORCE IN VIOLATION OF THE
### FOURTH AMENDMENT AGAINST UNREASONABLE SEIZURES)

45. Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 44,

inclusive, as though set forth in full herein.

46. As demonstrated above, Sgt. Watt used excessive force when she seized Ms. Coopwood

in violation of the Fourth Amendment.

47. Sgt. Watt's use of such force to effectuate the seizure and kicking of Ms. Coopwood was

objectively unreasonable.

48. Ms. Coopwood posed no immediate threat to Sgt. Watt or to the safety of any officers or others and was not resisting arrest or seizure or attempting to evade seizure or arrest by flight.

## CAUSE OF ACTION THREE

### Violation Of Civil Rights Under 42 U.S.C. §§ 1983

### (EXCESSIVE FORCE IN VIOLATION OF THE
### EIGHTTH AMENDMENT AGAINST)

49. Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 48, inclusive, as though set forth in full herein.

50. The use of force by Defendants was excessive and violated Plaintiff's Eighth Amendment rights when said force was not applied in an effort to maintain or restore discipline, but rather to only cause harm.

51. Sgt. Watt used excessive force in her physical contact with Plaintiff that was meant to injure Plaintiff and not for any other legal purpose.

52. The foregoing actions, taken by the defendants were in gross and wanton violation of Plaintiff's constitutional rights under the Eighth Amendment, including her rights against cruel and unusual punishment.

## CAUSE OF ACTION FOUR

### Violation Of Civil Rights Under 42 U.S.C. §§ 1983

### (DELIBERATE INDIFFERENCE IN VIOLATION OF THE
### EIGHTTH AMENDMENT AGAINST)

53. Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 52, inclusive, as though set forth in full herein.

54. Jail officials, and their staff, were deliberately indifferent to Plaintiff's medical conditions following the excessive force from Sgt. Watt in violation of the Eighth Amendment and 42 USC 1983.

55. Jail officials knew about Plaintiff's pregnancy, and the pain and bloody discharge from her vagina following the assault from Defendant Watt, and failed to provide medical exams, sustainable relief, or immediate medical attention.

56. Plaintiff had serious medical need for her pregnancy.

57. Said medical conditions mandated immediate treatment that was so obvious, even a lay person would easily recognize the necessity for a doctor's prompt attention. Instead, Defendants waited days until they took Plaintiff to the hospital where her unborn child Dayton was already in critical condition.

58. Defendants had a sufficiently culpable state of mind with respect to Plaintiff's medical condition, given that they failed to take her within a reasonable period of time to either the infirmary, or hospital for several days, despite her constant pleas, and evident need for competent medical attention.

59. As such, the risk of harm to Plaintiff and her unborn child was obvious; and the average person would easily recognize—whether from observing the Plaintiff or being told of her symptoms—that the plaintiff's condition needed proper and immediate treatment.

60. The foregoing actions, taken by the defendants against Defendants were in gross and wanton violation of Plaintiff's constitutional rights under the Eighth Amendment, including her rights against cruel and unusual punishment.

## CAUSE OF ACTION FIVE

## GROSS NEGLIGENCE

61. Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 60, inclusive, as though set forth in full herein.

62. Defendants had a duty towards Plaintiff while she was incarcerated.

63. Defendants breached this duty and showed gross negligence when Sgt. Watt dragged Plaintiff by her hand and hair.   and kicked her extremely hard in the belly.

64. Defendants further breached this duty and showed gross negligence when Sgt. Watt kicked Ms. Coopwood extremely hard in the belly

65. Defendants conduct was so reckless as to demonstrate a substantial lack of concern for whether an injury would result to Plaintiff or her unborn child.

66. Defendants breach of the standard of care was the proximate cause of Plaintiff's injuries and led to the termination of her pregnancy.

67. Plaintiff suffered damages and injuries as a result of the Defendants' gross negligence.

## PRAYER

WHEREFORE Plaintiff respectfully requests damages in excess of $1,000,000.00, interest costs, and attorney fees, and for any further relief the court deems just and appropriate. Plaintiff further prays for all relief she is entitled to under 42 U.S.C. §1983 and 42 U.S.C. §1988, including, attorney's fees, costs and expenses and to recover punitive and exemplary damages from said Defendants' wrongful acts for the purposes of punishing said Defendants and to deter others from such conduct in the future in an amount to be determined at trial.

## JURY DEMAND

Plaintiff requests a trial by jury on all issues so triable.

Respectfully submitted,

**THE LANDAU GROUP**

By:

/s/ Kevin A. Landau

_____

Kevin A. Landau (P65601)
38500 Woodward Ave., Ste. 310
Bloomfield Hills, MI 48304
248.247.1153

*Attorneys for Plaintiff Jaqueta Coopwood*

Dated: August 4, 2020