## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

JAQUETTA ANN COOPWOOD,

    Plaintiff,

                              Case No. 2:20-cv-12092-AJT-DRG
                              Hon. Arthur J. Tarnow

vs.

COUNTY OF WAYNE,
SGT. WATT,

    Defendants.

| KEVIN A. LANDAU (P65601) | MARGARET M.FLANAGAN(P52352) |
|---|---|
| The Landau Group, PC | Assistant Corporation Counsel |
| Counsel for Plaintiff Coopwood | JAMES W. HEATH |
| 38500 Woodward Ave., Ste 310 | Wayne County Corporation Counsel |
| Bloomfield Hills, MI 48304 | Attorney for Defendant Wayne County |
| (248) 247-1153(Ph) | 500 Griswold Street, 30th Floor |
| (248) 671-0884 (fax) | Detroit, MI 48226 |
| kevin@thelandaugroup.com | (313) 224-5030(Ph) |
| | (313) 224-4882 (Fax) |
| | mflanaga@waynecounty.com |

## MOTION TO DISMISS THE COMPLAINT FOR PLAINTIFF'S FAILURE TO COMPLY WITH THE PRISON LITIGATION REFORM ACT

Pursuant to 42 U.S.C. § 1997e, Defendant Wayne County ("Defendant") moves to dismiss without prejudice the Complaint filed by Plaintiff Jaquetta

Coopwood ("Plaintiff") because of her failure to comply with the federal Prison Litigation Reform Act before filing suit. In support of this motion, Defendant Wayne County relies upon the attached Brief. Pursuant to E.D. Mich. L.R. 7.1(a), on September 30, 2020, counsel for Defendants contacted via email counsel for Plaintiff, explained the nature of the request and its legal basis, but counsel for Plaintiff did not concur in the relief requested.

Dated: September 30, 2020          Respectfully submitted,

By: /s/*Margaret M. Flanagan*
James W. Heath (P65419)
Wayne County Corporation Counsel
Margaret M. Flanagan (P52352)
Assistant Corporation Counsel
500 Griswold St., 30th Floor
Detroit MI 48226
(313) 224-5030
mflanaga@waynecounty.com
*Attorney for Wayne County*

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

JAQUETTA ANN COOPWOOD,

    Plaintiff,

                                       Case No. 2:20-cv-12092-AJT-DRG
                                       Hon. Arthur J. Tarnow

vs.

COUNTY OF WAYNE,
SGT. WATT,

    Defendants.
_____

| KEVIN A. LANDAU (P65601)<br>The Landau Group, PC<br>Counsel for Plaintiff Coopwood<br>38500 Woodward Ave., Ste 310<br>Bloomfield Hills, MI 48304<br>(248) 247-1153(Ph)<br>(248) 671-0884 (fax)<br>kevin@thelandaugroup.com | MARGARET M. FLANAGAN(P52352)<br>Assistant Corporation Counsel<br>JAMES W. HEATH<br>Wayne County Corporation Counsel<br>Attorney for Defendant Wayne County<br>500 Griswold Street, 30th Floor<br>Detroit, MI 48226<br>(313) 224-5030(Ph)<br>(313) 224-4882 (Fax)<br>mflanaga@waynecounty.com |
|---|---|

## BRIEF IN SUPPORT MOTION TO DISMISS THE COMPLAINT FOR PLAINTIFF'S FAILURE TO COMPLY WITH THE PRISON LITIGATION REFORM ACT

i

## CONCISE STATEMENT OF ISSUES PRESENTED

Did Plaintiff properly exhaust her administrative remedies with the Wayne County Jail pursuant to the Prison Litigation Reform Act, 42 U.S.C. § 1997e, before filing the present lawsuit?

Defendant answers:  No

Plaintiff presumably would answer: yes

## CONTROLLING OR MOST APPLICABLE AUTHORITY

*Freeman v. Francis*, 196 F.3d 641 (6th Cir. 1999).

*Jones v. Bock*, 549 U.S. 199 (2007).

*Napier v. Laurel County*, 636 F.3d 218 (6th Cir. 2011).

*Porter v. Nussle*, 534 U.S. 516 (2002).

*Woodford v. Ngo*, 548 U.S. 81 (2006).

42 U.S.C. § 1997(e).

## INTRODUCTION

The present case brought by Plaintiff Jaquetta Coopwood ("Plaintiff") against Defendant Wayne County ("Defendant"), and a yet-to-be served Wayne County Sgt. Watt. (D.E. #1). Her allegations are that on August 17, 2017, while she was pregnant and housed at the Wayne County Jail Division 1, awaiting trial, a Wayne County Sgt. Watt kicked her in her stomach, dragged her to her cell, and this force allegedly caused inmate Coopwood to sometime later miscarry the fetus. (D.E. #1). There are no incident reports evidencing this incident, nor any grievance filed by Plaintiff Coopwood alleging mistreatment by Sgt. Watt or any other Wayne County Jail employee.

As explained below, because Plaintiff was incarcerated when she filed this lawsuit, the Prison Litigation Reform Act (the "PLRA") required her to exhaust fully her administrative remedies with the Wayne County Jail before filing a federal civil rights lawsuit under 42 U.S.C. § 1983. Plaintiff did not fully exhaust her administrative remedies and remains in custody at the Huron Valley Women's Correctional Facility at time of the filing of this motion. (**Ex. 4-Offender Tracking System "OTIS" printout).**

## ARGUMENT

## PLAINTIFF'S COMPLAINT MUST BE DISMISSED WITHOUT PREJUDICE UNDER THE PRISONER LITIGATION REFORM ACT, AS SHE FAILED TO EXHAUST HER ADMINISTRATIVE REMEDIES WITH THE WAYNE COUNTY JAIL

Under the PLRA, prisoners are required to exhaust their internal administrative remedies with a facility before filing a civil rights lawsuit in federal court under 42 U.S.C. § 1983. 42 U.S.C. § 1997(e); *see Porter v. Nussle*, 534 U.S. 516, 532 (2002). This includes meeting all deadlines and applicable procedural rules. *Woodford v. Ngo*, 548 U.S. 81, 90-91 (2006). "There is no question that exhaustion is mandatory under the PLRA and that unexhausted claims cannot be brought in court." *Jones v. Bock*, 549 U.S. 199, 212 (2007) (citation omitted). This requirement includes pursuing all required internal appeals of any unfavorable resolutions. *See, e.g., Freeman v. Francis*, 196 F.3d 641, 645 (6th Cir. 1999). "A plaintiff's failure to exhaust cannot be excused by his ignorance of the law or the grievance policy." *Napier v. Laurel County*, 636 F.3d 218, 221 n. 2 (6th Cir. 2011); *Barassi v. Lewis*, No. 18-6255, 2019 U.S. App. LEXIS 18297, *3-4 (6th Cir. June 18, 2019) (unpublished) (same).

**A.    The Applicable Wayne County Jail Grievance Policy. (Ex. 1)**

At all relevant times, the Wayne County Jail has maintained official policies regarding the provision, processing, and investigation of inmate grievances. **(Exhibit 1, Director Crawford Decl.).** At the time of intake, all inmates are

2

provided a copy of the "Inmate Handbook" which describes the mandatory grievance process. (*Id*.; **Ex 3-A-Inmate Handbook Excerpt**). In sum, an inmate must file a grievance on any unsatisfactory condition of confinement within ten (10) days of the incident complained of. (*Id*.). To exhaust a claim fully, if unsatisfied with the response and/or resolution to the issue, the inmate must appeal the decision.(*Id*.). Copies of the Inmate Handbook were distributed upon Plaintiffs' entry into the Wayne County Jail and she acknowledged receipt of same.

**B.     Jaquetta Coopwood Did Not Exhaust Her Administrative Remedies.**

On August 16, 2017, Jaquetta Coopwood was held in the Wayne County Jail pending a bench trial on the charges of Homicide – Murder-Second Degree**. (Ex.2-Criminal Docket Case No: 17-010699-01-FCC).** She was committed to the custody of the Wayne County Jail pending trial. **(Ex. 5-Booking Card).**

On September 17, 2018, she was found guilty by a Bench Trial of violation of Mich. Comp. Laws 750.317. (Id.). She was sentenced to prison on October 5, 2018, and transferred to the custody of the Michigan Department of Corrections on October 10, 2018, where she is currently being held in the Huron Valley Correctional Facility. **(Id.; Ex. 4, Offender Tracking Information Status Report).**

Plaintiff Coopwood filed no grievances while in the Wayne County Jail in 2017 or 2018. **(See Ex. 1, Director Crawford Declaration).** She is currently still

3

incarcerated with the Michigan Department of Corrections. Therefore, her failure to file a grievance with the Wayne County jail is governed solely by the PLRA and this action must be dismissed without prejudice for failing to follow the administrative remedies available to her at the Wayne County jail.

Furthermore, no unfairness results to Coopwood in applying such a rule, because once she is released, she is permitted to file a lawsuit for money damages on any subject <u>free and clear</u> of any prior PLRA constraints. *See Cox v. Mayer*, 332 F.3d 422, 424-27 (6th Cir. 2003). However, when a prisoner fails to comply with the PLRA while incarcerated, then later is released during the pendency of the lawsuit, the proper course is to dismiss the prior case without prejudice to permit the individual to re-file the lawsuit if he or she wishes. *See id.*; *Surgenor v. Moore*, No. 16-1179, 2019 U.S. Dist. LEXIS 20998, *6 (S.D. Ohio Feb. 8, 2019) (unpublished).

Therefore, because Plaintiff Coopwood did not file a grievance or exhaust her claims involving the treatment by Sgt. Watt, and because she remains incarcerated, her claims should be dismissed without prejudice under the PLRA.

4

## CONCLUSION

For the foregoing reasons, because Plaintiff failed to comply with the mandatory provisions of the PLRA, Defendant Wayne County respectfully requests that the Court dismiss their Complaint without prejudice.

Dated: September 30, 2020                    Respectfully submitted,

By: /s/*Margaret M. Flanagan*
James W. Heath (P65419)
Wayne County Corporation Counsel
**Margaret M. Flanagan (P52352)**
Assistant Corporation Counsel
500 Griswold St., 30th Floor
Detroit MI 48226
(313) 224-5030
mflanaga@waynecounty.com

*Attorney for Wayne County*

## CERTIFICATE OF SERVICE

I hereby certify that on September 30, 2020, I electronically filed the *MOTION TO DISMISS THE COMPLAINT FOR PLAINTIFF'S FAILURE TO COMPLY WITH THE PRISON LITIGATION REFORM ACT* with the Clerk of the Court using the CM/ECF system which will send copies to all registered participants.

/s/ *Susan Sweetman*