UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

JAQUETTA ANN COOPWOOD,

          Plaintiff,

-vs-

COUNTY OF WAYNE,
SGT. WATT,

          Defendants.

Case No.  2:20-cv-12092-AJT-DRG
Hon. Victoria A. Roberts

| Kevin A. Landau (P65601) | Davidde Stella |
|---|---|
| The Landau Group, PC | Asst. Corporation Counsel |
| 38500 Woodward Ave., Ste. 310 | Wayne County Corporation Counsel |
| Bloomfield Hills, MI 48304 | Attorney for Defendant Wayne County |
| 248.247.1153/248.671.0884 (fax) | 500 Griswold Street, 30th Floor |
| kevin@thelandaugroup.com | Detroit, MI 48226 |
| *Attorneys for Jaquetta Ann Coopwood* | (313) 224-5030 (ph); (313) 224-4882 (fax) |

## MOTION FOR RECONSIDERATION

Pursuant to Federal Rule of Civil Procedure 59(e) or 60(b) and Local Rule 7.1(h)(1), Plaintiff moves the Court to reconsider its previous Order [ECF 22] dismissing Plaintiff's Complaint.  In support of this Motion Plaintiff relies on the attached brief, and all prior proceedings, pleadings, and evidence in this matter.

        Respectfully submitted,

        **THE LANDAU GROUP, PC**

        /s/ Kevin A. Landau
        Kevin A. Landau (P65601)
        38500 Woodward Ave., Ste. 310
        Bloomfield Hills, MI 48304
        248.247.1153/248.671.0884 (fax)
        kevin@thelandaugroup.com

        *Attorneys for Jaquetta Ann Coopwood*

Dated: April 25, 2022

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

JAQUETTA ANN COOPWOOD,

                Plaintiff,

-vs-

COUNTY OF WAYNE,
SGT. WATT,

                Defendants.

Case No. 2:20-cv-12092-AJT-DRG
Hon. Victoria A. Roberts

| Kevin A. Landau (P65601) | Davidde Stella |
|---|---|
| The Landau Group, PC | Asst. Corporation Counsel |
| 38500 Woodward Ave., Ste. 310 | Wayne County Corporation Counsel |
| Bloomfield Hills, MI 48304 | Attorney for Defendant Wayne County |
| 248.247.1153/248.671.0884 (fax) | 500 Griswold Street, 30th Floor |
| kevin@thelandaugroup.com | Detroit, MI 48226 |
| *Attorneys for Jaquetta Ann Coopwood* | (313) 224-5030 (ph); (313) 224-4882 (fax) |

**PLAINTIFF'S BRIEF IN SUPPORT OF MOTION FOR RECONSIDERATION**

# **TABLE OF CONTENTS**

Table of Authorities Cited ............................................................................................ i

I. APPLICABLE FACTUAL BACKGROUND. .................................................. 1

II. APPLICABLE STANDARD OF REVIEW. ..................................................... 2

(i) The Court construed Defendants motion to dismiss
as one for summary judgment. ........................................................................ 2

a. The Court should not have granted summary judgment where
major factual contentions were in dispute and Plaintiff has yet
to exercise any opportunities for pretrial discovery. ...................................... 3

b. The Court Erred In Granting Summary Judgment Where It Acted As Jury,
Determined Witness Credibility, Weighed Evidence And Decided
On Competing Inferences. .............................................................................. 5

c. The Court makes a sweeping ruling in this case that
a severely mentally ill and physically incapacitated inmates
may not assert an exception to the PLRA exhaustion
requirement in the 6th Circuit. ....................................................................... 5

d. IT IS UNCLEAR IF THE COURT DISMISSED PLAINTIFFS
STATE LAW CLAIM FOR GROSS NEGLIGENCE;
THE COURT ERRED IN DISMISSING PLAINTIFFS
STATE LAW CLAIM FOR GROSS NEGLIGENCE. ................................. 8

# TABLE OF AUTHORITIES CITED

**CASES**                                                                                             **PAGE(S)**

*Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 250 n. 5,
106 S.Ct. 2505, 2511 n. 5, 91 L.Ed.2d 202 (1986)                                                        4-5

*Braswell v. Corrections Corp. of America*, 419 Fed.Appx. 622, 625-626 (2011)                           3, 5, 7

*Burnside-Ott Aviation Training Center, Inc*. v. U.S., 985 F.2d 1574 (Fed.Cir. 1993)                   4-5

*Celotex Corp. v. Catrett*, 477 US 317, 322 (1986)                                                      3-4

*Deleu v. Scaife*, 775 F.Supp. 712, 716 (SDNY 1991)                                                     4

*Gordon v. Sadasivan*, 373 N.W.2d 258, 261 144 Mich.App. 113, 119 (1985)                                9

*Handberry v. Thompson*, 446 F.3d 335, 344 (2 Cir. 2006)                                                9

*Jones v. Bock*, 549 US 199, 220 (2007)                                                                 8

*Leisure Caviar, LLC v. U.S. Fish & Wildlife Serv.*,
616 F.3d 612, 616 (6th Cir. 2010)                                                                       2

*Program Engineering, Inc. v. Triangle Publications, Inc.,*
634 F.2d 1188, 1193 (9th Cir. 1980)                                                                     4

*Robinson v. Page*, 170 F.3d 747, 748-749 (C.A.7 1999)                                                  9

*Spirit Airline, Inc. v. Northwest Airlines*, 431 F.3d 917, 959 (6th Cir. 2005)                         5

*Williams v. White*, 724 Fed.Appx. 380 (6th Cir. 2018)                                                  6-7

**STATUTES AND COURT RULES**

Pursuant to Federal Rule of Civil Procedure 59(e) or 60(b)                                              2

LR 7.1(h)(1)                                                                                            2

I.     APPLICABLE FACTUAL BACKGROUND.

In the instant case, Defendants Wayne County and Sgt. Watt have moved to dismiss Plaintiff's complaint based on Plaintiff's failure to exhaust under the PLRA.

The Court ordered both parties to submit supplemental briefs discussing whether or not the grievance procedures were "available" to Ms. Coopwood based on her physical and mental condition. (See Court Order, ECF Doc No. 19.) As the Court noted in its Order, Plaintiff produced evidence in response to Defendants' motion evidencing that her physical and mental impairments rendered Wayne County's grievance process unavailable to her.

Said evidence produced by Ms. Coopwood in response to Defendants; motion included the following:

1) A lengthy factual affidavit reviewing Ms. Coopwood's history of psychiatric conditions, such as: Bi-Polar Schizophrenia, and medications to treat such conditions, and the effects when she is taken off said medications (see ECF Doc No. 16-2);

2) The Judgment of Sentence from her underlying criminal condition adjudging her as Guilty But Mentally Ill as well as Defendant's producing the Register of Actions which notes her being adjudged Guilty But Mentally Ill (see e.g. ECF Doc No. 5-3, PAGE ID 39);

3) That Ms. Coopwood was taken off her psychiatric medications because of her pregnancy. In her Affidavit, Ms. Coopwood testified that when taken off these medications, her mental health and overall well-being is greatly affected, to the extent that she was unable to sleep, had difficulty eating, worsened her anxiety, and caused her to experience great difficulty in cognitive performance, diminished reading comprehension, and that since was taken off her medications, her mental illness impaired her judgment and ability to understand or process information (see Coopwood Aff., ¶¶13-14, ECF Doc No. 16-2, PAGE ID 114-115);

4) After the assault from Sgt. Watt, Ms. Coopwood was physically impaired and was in acute pain, experiencing severe cramping and bloody discharge from her vagina, and was hospitalized for several days thereafter (see Order, ECF Doc No. 19, Page ID 303); and

5) That Ms. Coopwood was housed in the 5th Floor Psychiatric Unit at Wayne County Jail because of her psychological conditions.

Further, in its Order, the Court noted that these facts if taken as true, suggest that Ms. Coopwood was suffering from serious physical and mental impairments during the ten-day period to file an administrative grievance, which raises doubts whether the administrative process was truly 'available' to her. (See Order, ECF Doc No. 19, Page ID 303-304.) Moreover, in support of this Order for supplemental briefing, the Court set forth a line of cases from the Sixth Circuit and other courts where a finding that a Plaintiff's physical or mental impairments may render administrative remedies 'unavailable' and thus excuse a prisoner from complying with the PLRA exhaustion requirement. (See Order, ECF Doc No. 19, Page ID 304-305.)

Notwithstanding the forgoing, the Court completely disregards its previous Order and case law and dismissed Plaintiff's case.

## II.   APPLICABLE STANDARD OF REVIEW.

LR 7.1(h)(1) states as follows:

(1) Final Orders and Judgments. Parties seeking reconsideration of final orders or judgments must file a motion under Federal Rule of Civil Procedure 59(e) or 60(b). The court will not grant reconsideration of such an order or judgment under this rule.

A party seeking leave to amend after an adverse judgment faces a heavier burden than for a Rule 15 leave to amend motion prior to a final ruling. *Leisure Caviar, LLC v. U.S. Fish & Wildlife Serv.*, 616 F.3d 612, 616 (6th Cir. 2010). A Rule 59 motion should only be granted if there was (1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice. *Id.* at 615. *Leisure Caviar, LLC v. U.S. Fish & Wildlife Serv.*, 616 F.3d 612, 616 (6th Cir. 2010).

(i) **The Court improperly construed Defendants motion to dismiss as one for summary judgment.**

2

Defendants did not categorize their motion to dismiss as either a 12(b)(6) or a summary judgment motion. (**See** Decision/Order, ECF No. 22, Page ID 343.) However, the court found as follows:

"Defendants motion to dismiss contains an affidavit from a jail official, and the Wayne County Jail Operations Manuel. Both exhibits are introduced to show that Coopwood did not exhaust administrative remedies. Consequently, the Court construes defendants' motion to dismiss as one from summary judgment." (**See** Decision/Order, ECF No. 22, Page ID 343-344.)

> **a. The Court should not have granted summary judgment where major factual contentions were in dispute and Plaintiff has yet to exercise any opportunities for pretrial discovery.**

"In our view, the plain language of Rule 56(c) mandates the entry of summary judgment, after **adequate time for discovery and upon motion**, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 US 317, 322 (1986) (emphasis added).

Here, there was no discovery, and the motion brought by Defendant was to dismiss, not for summary judgment. Further, the Court simply imposed a summary judgment standard without informing the parties and without any discovery having taken place. See *National Life Ins. Co. v. Solomon*, 529 F.2d 59, 61 (2nd Cir 1975) (Since summary judgment is a drastic device, it should not be granted where there are major factual contentions in dispute, particularly when one party has yet to exercise its opportunities for pretrial discovery).

Further, there are major factual disputes concerning Plaintiffs mental and physical ability to understand and file a grievance in the first place. The parties have both set forth affidavits disputing the other's position. Further, Plaintiff has set forth substantial evidence demonstrating a genuine factual dispute where the inmate's mentally impaired condition "raised substantial doubt as to whether [she] was mentally capable of filing a grievance." See *Braswell v. Corrections Corp. of America*, 419 Fed.Appx. 622, 625-626 (2011), ECF Doc No. 19, Page ID

3

304.) Further, the Court never informed the parties it was imposing a summary judgment standard and did not allow Plaintiff to exercise its opportunities for pretrial discovery.

It is well settled that summary judgment should be refused where the nonmoving party has not had the opportunity to discover information that is essential to its opposition. See *Burnside-Ott Aviation Training Center, Inc*. v. U.S., 985 F.2d 1574 (Fed.Cir. 1993) citing *Celotex Corp. v. Catrett,* 477 U.S. 317, 326 (1986) and *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 250 n. 5, 106 S.Ct. 2505, 2511 n. 5, 91 L.Ed.2d 202 (1986).

Here, it was not possible for Plaintiff to have presented an adequate opposition. None of Plaintiffs physicians were deposed, none of her medical records were introduced to explain her conditions, and no experts submitted any testimony to allow the court to make a decision as to Plaintiff's physical or mental condition. Further, neither the Plaintiff nor Sgt Watt was deposed to explain the facts of what happened, and what Plaintiff's condition was at the time she would have needed to file a grievance. Moreover, there was no testimony as to inmates who are housed in the psychiatric unit, or from any of the other deputies or supervisors who were working during the time Plaintiff was assaulted – and was in physical and mental agony and rushed to the hospital, or what her mental state was before during and after the incident.

It is well settled, that where parties had no previous opportunity to develop evidence and the evidence is crucial to material issues in the case, discovery should be allowed before the trial court rules on a motion for summary judgment.   See *Program Engineering, Inc. v. Triangle Publications, Inc.,* 634 F.2d 1188, 1193 (9th Cir. 1980). See *Deleu v. Scaife*, 775 F.Supp. 712, 716 (SDNY 1991) (Summary judgment should rarely be granted when plaintiff has not had the opportunity to resort to discovery procedures).

b. **The Court Errored In Granting Summary Judgment Where It Acted As Jury, Determined Witness Credibility, Weighed Evidence And Decided On Competing Inferences.**

[C]redibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge, [when] he is ruling on a motion for summary judgment". *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 255 (1986); *Spirit Airline, Inc. v. Northwest Airlines*, 431 F.3d 917, 959 (6th Cir. 2005).

Here, the Court found as follows, despite the evidence introduced above:

"Coopwood's alleged mental defects did not render the Wayne County jail's grievance process 'unavailable' to her." (ECF No. 22, PageID 352.)

This question was clearly in dispute, and therefore, Defendant's motion should have been denied under a summary judgment standard. Instead, the Court construed the facts solely in the Defendant's favor and dismissed the evidence presented by Plaintiff as essentially being irrelevant.

At issue, was Plaintiff's mental defects and the credibility of Plaintiff and Sgt Watt. Further, the evidence presented is in dispute based on the affidavits presented, and the other evidence introduced, which collectively demonstrated that Ms. Coopwood's alleged mental defect (and physical condition) did indeed render Wayne County's jail's grievance process "unavailable" to her.

c. **The Court makes a sweeping ruling in this case that a severely mentally ill and physically incapacitated inmates may not assert an exception to the PLRA exhaustion requirement in the 6th Circuit.**

In *Braswell*, the Sixth Circuit Court of Appeals found there was a genuine factual dispute where the inmate's mentally impaired condition "raised substantial doubt as to whether [he] was

5

mentally capable of filing a grievance." See *Braswell*, 419 F.Appx. at 625-626, ECF Doc No. 19, Page ID 304.)

In the case, the Court relies on *Williams v. White*, 724 Fed.Appx. 380 (6th Cir. 2018). However, the Court misconstrues the holding and issue in that case.

In *Williams*, the plaintiff argued that the grievance process was unavailable to him in the practical sense. The issue was therefore whether there was a mental capacity exception in the practical sense such if the grievance procedures were never provided to the inmate; or were "so opaque" that "no ordinary prisoner can make sense of" it. *Williams v. White*, 724 Fed.Appx. 380 (6th Cir. 2018) citing *Ross v. Blake*, —— U.S. ——, 136 S.Ct. 1850, 1859, 195 L.Ed.2d 117 (2016). The *Williams* court even noted in its decision:

> "But Williams does not allege that an ordinary prisoner could not make sense of the grievance process. And though he does allege that he personally lacked the mental capacity to make sense of that process, there is no mental-capacity exception to the PLRA. Cf. id. at 1856-58."

This is certainly not the issue in this case, and Plaintiff was far from an "ordinary" inmate. Further, *Williams* did not overrule *Braswell* nor did the Court in *Williams* even discuss the case because they are not comparable. Moreover, the facts from *Williams* are clearly different than the facts in the instant case as discussed below.

This exception may not be applicable to the "ordinary" prisoner who is physically and mentally capable of filing the respective grievance, but that is the point. Inmates like Plaintiff, under the circumstances presented here, are the exception because of their physical and/or mental condition, and therefore, the grievance procedures are unavailable to these inmates under the exception. These exceptions may be applied sparingly, but where the circumstances are such as the instant case, where the Plaintiff had a history of psychiatric conditions, was taken off her

6

medications because of her pregnancy, and then was beaten to the point of miscarrying her baby, bleeding on her cell floor for days, the exception is warranted.

"*Williams* seems most logical. Some cognitive impairments are more severe than others. In fact, the Court does believe there are certain impairments that would render a prisoner incapable of understanding a prison grievance process. On the other end of the spectrum, **an overarching mental capacity exception would permit a prisoner with the slightest impairment to bypass the grievance process in its entirety and immediately seek relief from the federal judiciary**. The Court finds it difficult to draw the line between those impairments that would give rise to an exception from the exhaustion requirement and those impairments that do not rise to that level." (**See** ECF No. 22, Page ID 352.) (Emphasis added).

The distinction is easy.

The line between those impairments that would give rise to an exception from the exhaustion requirement would be the Plaintiff's in this case, those cases identified in B*raswell* and in the Court previous Order, ECF Doc No. 19, Page ID 304-305.); versus those impairments that do not rise to that level, such as those in *Williams*.

In its previous Order, the Court even noted that *Braswell* and corresponding case law was particularly instructive in the instant case. (See Order, ECF Doc No. 19, Page ID 304-305.) *This was the Order the parties were ordered to brief*.

Notwithstanding the foregoing, the facts in *Williams* are not even remotely like the facts in this case. *Williams v. White*, 724 Fed.Appx. 380 (2018).

In *Williams*, the plaintiff inmate was an inmate at the Kentucky State Penitentiary, where he had spent much of his time in solitary confinement as a result of several disciplinary violations. See *id* at 382. Of the ten violations in the plaintiff's record, Williams pled guilty to eight, chose not to appear at his hearing for another, and admitted to the final one. See *Id*. Further, the plaintiff in *Williams* was seeking to challenge his solitary confinement and to obtain further

7

medical treatment. *Id*. Therefore, the plaintiff in *Williams* was aware of the grievance and disciplinary procedures and had the mental capacity and prior experience to file it.

Here, Ms. Coopwood set forth an affidavit recounting her psychiatric conditions and mental health struggles, was housed in the psychiatric unit of the jail, and had been adjudged by a Michigan court to be Guilty but Mentally Ill. As a result of being taken off her medication, due her pregnancy, experienced intense physical and mental agony concerning losing her unborn child or dying while laying on a jailhouse floor bleeding from her vagina and writhing in pain. (See Coopwood Aff., ¶¶13-14, ECF Doc No. 16-2, PAGE ID 114-115.)

### d. IT IS UNCLEAR WHETHER THE COURT DISMISSED PLAINTIFF'S STATE LAW CLAIM FOR GROSS NEGLIGENCE; THE COURT ERRED IN DISMISSING PLAINTIFFS STATE LAW CLAIM FOR GROSS NEGLIGENCE.

In its decision, the Court ordered that Plaintiff was precluded from bringing a federal claim under 42 USC 1997e(a). (See ECF No. 22, Page ID 354.) However, Plaintiff also asserted a claim for gross negligence under Michigan State Law, which if it was dismissed, should be reinstated. In her complaint, Plaintiff alleged in pertinent part as follows:

- Defendants had a duty towards Plaintiff while she was incarcerated. (Compl., ¶62.)

- Defendants breached this duty and showed gross negligence when Sgt. Watt dragged Plaintiff by her hand and hair and kicked her extremely hard in the belly. (Compl., ¶63.)

- Defendants further breached this duty and showed gross negligence when Sgt. Watt kicked Ms. Coopwood extremely hard in the belly. (Compl., ¶64.)

- Defendants' conduct was so reckless as to demonstrate a substantial lack of concern for whether an injury would result to Plaintiff or her unborn child. (Compl., ¶65.)

- Defendants' breach of the standard of care was the proximate cause of Plaintiff's injuries and led to the termination of her pregnancy. (Compl., ¶66.)
- Plaintiff suffered damages and injuries because of the Defendants' gross negligence. (Compl., ¶67.)

This issue was addressed in *Jones v. Bock*, 549 US 199, 220 (2007).

8

"The final issue concerns how courts should address complaints in which the prisoner failed to exhaust some, but not all, of the claims asserted in the complaint. All agree that no unexhausted claim may be considered." *Jones v. Bock*, 549 US 199, 220 (2007).

"As a general matter, if a complaint contains both good and bad claims, the court proceeds with the good and leaves the bad. "[O]nly the bad claims are dismissed; the complaint as a whole is not. If Congress meant to depart from this norm, we would expect some indication of that, and we find none." *Bock, supra* at 220, *Robinson v. Page*, 170 F.3d 747, 748-749 (C.A.7 1999) (considering § 1997e(e))."

In *Bock*, the inmate's compliance with the PLRA exhaustion requirement as to some, but not all claims, did not warrant dismissal of the entire action. *Jones v. Bock,* 549 US 199 (2007). See also *Handberry v. Thompson*, 446 F.3d 335, 344 (2 Cir. 2006) (Prison Litigation Reform Act (PLRA) prohibited district court from ordering prospective relief in prisoners' civil rights action to remedy asserted violations of state law only). *Gordon v. Sadasivan*, 373 N.W.2d 258, 261 144 Mich. App. 113, 119 (1985) (Governmental Tort Liability Act [§ 691.1401 et seq.] is limited to tort actions and is inapplicable to actions brought under federal civil rights statute, 42 U.S.C.A. § 1983).

### III.  CONCLUSION/RELIEF REQUESTED.

For the foregoing reasons, Plaintiff respectfully requests that the Court reconsider its previous decision and reinstate Plaintiff's complaint in full and allow this case to proceed to the discovery phase. Plaintiff further prays that the Court alter or amend its judgment to reflect that Plaintiff's gross negligence claim under Michigan state law remains or is reinstated.

Respectfully submitted,

**THE LANDAU GROUP, PC**

/s/ Kevin A. Landau
Kevin A. Landau (P65601)
38500 Woodward Ave., Ste. 310
Bloomfield Hills, MI 48304

9

          248.247.1153/248.671.0884 (fax)
          kevin@thelandaugroup.com

*Attorneys for Jaquetta Ann Coopwood*

Dated: April 25, 2022

10