UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JAQUETTA COOPWOOD,

    Plaintiff,

v.                                                Case No. 20-12092
                                                  Honorable Victoria A. Roberts

COUNTY OF WAYNE, ET Al.,

    Defendants.
_____/

## ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION [ECF No. 23]

On March 28, 2022, the Court entered an order granting defendants' – the County of Wayne and Sgt. Deputy Jonith Watts – Motion to Dismiss. [ECF No. 5]. Plaintiff ("Coopwood") now moves the Court to reconsider pursuant to Federal Rule of Civil Procedure 59(e) or 60(b). [ECF No. 23]. *See* Local Rule 7.1(h).

Fed. R. Civ. P. 59 allows a court to exercise its discretion to alter or amend a judgment. *Davis by Davis v. Jellico Cmty. Hosp.*, *Inc.*, 912 F.2d 129, 132 (6th Cir. 1990). A motion to alter or amend a judgment will generally be granted if the district court made a clear error of law; if there is an intervening change in the controlling law; newly discovered evidence; or

1

a need to prevent manifest injustice.  *GenCorp, Inc. v. Am. Int'l Underwriters*, 178 F.3d 804, 834 (6th Cir. 1999).  "A Rule 59 motion 'may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment.'"  *Brumley v. United Parcel Serv., Inc.*, 909 F.3d 834, 841 (6th Cir. 2018) (quoting *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 486, 128 S. Ct. 2605, 171 L.Ed.2d 570 (2008)).

Under Fed. R. Civ. P. 60(b) a court may relieve a party from a final judgment or order for, in relevant part, mistake, inadvertence, surprise, or excusable neglect.  Rule 60(b)(1).

Coopwood's motion presents the same issues stated in her briefing and ruled upon by the Court.  She argues that the Court's order is erroneous for three reasons: (1) it construed Defendants' motion to dismiss as a summary judgment motion; (2) it granted the summary judgment motion notwithstanding factual disputes; and (3) it held that the Prison Litigation Reform Act ("PLRA") does not have a mental capacity exception.

First, the Court did not make a clear error of the law or a mistake in construing Defendants' motion to dismiss as a summary judgment motion. Fed. R. Civ. P. 12(d) makes it clear that "[i]f, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded

2

by the court, the motion *must* be treated as one for summary judgment under Rule 56." Defendants did not specify whether their motion to dismiss was a 12(b)(6) motion or a summary judgment motion. Nevertheless, the Court considered matters that were presented outside the pleadings, such as the Wayne County grievance process. This consideration was necessary to determine whether Coopwood exhausted administrative remedies and if the process was available to her. *See Wysocki v. International Business Machine Corp.*, 607 F.3d 1102, 1104 (6th Cir. 2010); *Anderson v. Jutzy*, 175 F.Supp.3d 781, 787 (E.D. Mich. 2016).

Second, the Court did not err in finding that there is no genuine dispute of exhaustion. As a threshold matter, under the PLRA, a prisoner cannot bring an action challenging her prison conditions unless she exhausts administrative remedies. 42 USC § 1997e(a). "When the defendants in prisoner civil rights litigation move for summary judgment on administrative exhaustion grounds, they must prove that no reasonable jury could find that the plaintiff exhausted his administrative remedies." *Mattox v. Edelman*, 851 F.3d 583, 590 (6th Cir. 2017) (citing *Surles v. Andison*, 678 F.3d 452, 455-56 (6th Cir. 2012)). A grievant must undertake all steps of

the process for the grievance to be considered fully exhausted. *Jones Bey v. Johnson*, 407 F.3d 801, 803 (6th Cir. 2005).

It is undisputed that Coopwood did not file a grievance in accordance with the Wayne County jail process. Coopwood says Defendants' summary judgment should have been denied because there is a dispute whether her mental capacity rendered the grievance process unavailable.

The Supreme Court held in *Ross v. Blake*, 578 U.S. 632 (2016) that a grievance process is unavailable in three circumstances. The first is when "it operates as a simple dead end — with officers unable or consistently unwilling to provide any relief to aggrieved inmates." *Id.* at 643. Second, the process is unavailable when it is so opaque that it becomes incapable of use, meaning, "some mechanism exists to provide relief, but no ordinary prisoner can discern or navigate it." *Id*. at 644. Finally, it is unavailable "when prison administrators thwart inmates from taking advantage of it through machination, misrepresentation, or intimidation." *Id*. *See also Williams v. Correction Officer Priatno*, 829 F.3d 118, 123-24 (6th Cir. 2016)*.*

The Court understands that Coopwood argues she is not an ordinary prisoner. Nonetheless, the *Ross* analytical framework has only three exceptions and mental health is not one of them.

Coopwood relies on *Braswell v. Corrections Corp. of America*, 419 Fed.Appx. 622 (2011), which pre-dates the *Ross* framework for determining the availability of a grievance process.

The Court interprets the second prong of the *Ross* analysis to mean that the grievance process is unavailable if it is so complicated that no *reasonable* prisoner can understand it. *Ross*, 136 S. Ct. at 1859 (quoting tr. Of Oral Arg. 23). Of course there are differing levels of intellect and impairments among inmates, but the process is considered to be available if a reasonable (ordinary) prisoner understands it. "When an administrative process is susceptible of multiple *reasonable* interpretations, Congress has determined that the inmate should err on the side of exhaustion." *Id*.

Coopwood does not allege, nor does the Court believe, the Wayne County jail's process is susceptible of multiple *reasonable* interpretations. Instead, she asks the Court to rely on an exception not grounded in law: a "mental-capacity exception."

Relying on *Ross*, the Sixth Circuit plainly held, "[a]nd though he does allege that he personally lacked the mental capacity to make sense of that [grievance] process, **there is no mental-capacity exception to the PLRA**." *Williams v. White*, 724 Fed.Appx. 380 (6th Cir. 2018).

5

Nothing distinguishes this case from *Williams*.

**Gross Negligence – State Law Claim**

In its original order, the Court did not clarify whether Coopwood's state law claim for gross negligence was dismissed. It is.

The Court has broad discretion to exercise its supplemental jurisdiction over Coopwood's state claim for gross negligence pursuant to 28 U.S.C. § 1367. *See United Mine Workers v. Gibbs*, 383 U.S. 715 (1966). In deciding whether to exercise supplemental jurisdiction, the Court weighs a hosts of factors. Importantly, the Court "may decline to exercise supplemental jurisdiction if it has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). "When all federal claims are dismissed before trial, the balance of considerations usually will point to dismissing the state law claims." *Gamel v. City of Cincinnati*, 625 F.3d 949, 952 (6th Cir. 2010) (citing *Musson Theatrical, Inc. v. Fed. Exp. Corp.*, 89 F.3d 1244, 1254-1255 (6th Cir. 1996)).

The Court had original federal question jurisdiction over Coopwood's 42 U.S.C. § 1983 claims (Count 1, Count II, Count III, and Count IV). Those claims were all dismissed for failure to exhaust pursuant to the PLRA and

the Court declines to exercise supplemental jurisdiction over Coopwood's remaining state law claim for gross negligence.

Coopwood fails to demonstrate the Court clearly errored or made a mistake in its application of the law. The Court **DENIES** her motion.

**IT IS ORDERED.**

s/ Victoria A. Roberts
Victoria A. Roberts
United States District Judge

Dated: 5/5/2022