**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

JAQUETTA ANN COOPWOOD,

    Plaintiff,

v.

COUNTY OF WAYNE, SGT. WATT,

    Defendants.

Case No. 2:20-cv-12092

Hon. Linda V. Parker

Mag. Judge David R. Grand

---

**MOTION FOR PARTIAL DISMISSAL BY
<u>DEFENDANTS WAYNE COUNTY AND DEPUTY JONITH WATTS</u>**

    Pursuant to Fed. R. Civ. P. 12(b)(6), Defendants Wayne County and Deputy Jonith Watts (collectively "Defendants") move to partially dismiss the claims asserted against in them in the Complaint filed by Plaintiff Jaquetta Coopwood ("Plaintiff"). In support of their motion, Defendants rely upon the attached Brief. Pursuant to E.D. Mich. L.R. 7.1(a), Counsel for Wayne County contacted counsel for Plaintiff, explained the legal basis of the motion and requested concurrence, but concurrence was not obtained.

Respectfully submitted,

By: *Anthony P Monticciolo* (P76013)
Assistant Corporation Counsel
James W. Heath
Wayne County Corporation Counsel
500 Griswold St., 30th Floor
Detroit MI 48226
(313) 224-5030

Dated: September 5, 2023

*Attorneys for Defendants Wayne County and Deputy Jonith Watts*

## CERTIFICATE OF SERVICE

I hereby certify that on September 5, 2023, I presented the forgoing motion, together with all exhibits, to the Clerk of this Court for filing by uploading these papers through the Pacer ECF system, which provided same to all parties of record.

s/ *Anthony P. Monticciolo*

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

JAQUETTA ANN COOPWOOD,

    Plaintiff,

v.

COUNTY OF WAYNE, SGT. WATT,

    Defendants.

Case No. 2:20-cv-12092

Hon. Linda V. Parker

Mag. Judge David R. Grand

## BRIEF IN SUPPORT OF MOTION FOR PARTIAL DISMISSAL BY DEFENDANTS WAYNE COUNTY AND DEPUTY JONITH WATTS

## CONCISE STATEMENT OF ISSUES PRESENTED

1. Do the Eighth Amendment claims under 42 U.S.C. § 1983 in Counts III and IV of the Complaint state a claim upon which relief can be granted against the Wayne County Defendants?

2. Do Counts I and II state a plausible municipal liability claim under the Fourteenth Amendment 42 U.S.C. § 1983 against Wayne County?

3. Does Michigan's governmental immunity statute bar the Michigan state law claim in Count V of gross negligence against Wayne County?

4. Does Count V state a claim against Deputy Jonith Watts?

# INDEX OF AUTHORITY

CASES:
*Note: all unpublished opinions are contained in Exhibit A*

*Annette v. Bradley*
No. 20-5657, 2020 U.S. App. LEXIS 39906 (6th Cir. Dec. 18, 2020)……….....…11

*Bickerstaff v. Lucarelli*
830 F.3d 388 (6th Cir. 2016)……………………………………………………....10

*Burgess v. Fischer*
735 F.3d 462 (6th Cir. 2013)……………………………………………....…..…10

*Burnett v. City of Highland Park*
No. 09-14238, 2011 U.S. Dist. LEXIS 124795 (E.D. Mich. Oct. 28, 2011)……….13

*Brown v. Cuyahoga County*
517 F. App'x 431 (6th Cir. 2013)…………….....………………………….…….11

*Connick v. Thompson*
563 U.S. 51 (2011)……………………………………………………….………9

*In re Bradley*
835 N.W.2d 545 (Mich. 2013)……………………………………………….……12

*Latits v. Phillips*
826 N.W.2d 190 (Mich. Ct. App. 2012)……………………………………….…..15

*Leftwich v. Driscoll*
No. 20-10881, 2022 U.S. Dist. LEXIS 99945 (E.D. Mich. June 3, 2022)…....……13

*Los Angeles County v. Humphries*
562 U.S. 29 (2010)………………………………………………………...……..9

*Margaris v. Genesee County*
919 N.W.2d 659 (Mich. Ct. App. 2018)…………………………………...……13

*Mays v. Daviess County*
No. 21-5860, 2022 U.S. App. LEXIS 6570 (6th Cir. Mar. 14, 2022)……………....11

*Mercer v. Athens County*
No. 22-3904, 2023 U.S. App. LEXIS 16453 (6th Cir. June 29, 2023)………...………8

*Powers v. Hamilton County Public Defenders Comm'n*
501 F.3d 592 (6th Cir. 2007)………………………………………………………………10

*Reynolds v. Addis*
No. 21-1454, 2022 U.S. App. LEXIS 9901 (6th Cir. Apr. 11, 2022)……………....15

*Roberts v. City of Troy*
429 N.W.2d 206 (Mich. Ct. App. 1988)…………………………………………..13

*Turner v. City of Taylor*
412 F.3d 629 (6th Cir. 2005)………………………………………………………..9

*VanVorous v. Burmeister*
687 N.W.2d 132 (Mich. Ct. App. 2004)……………………………...……………14

*Wells v. City of Dearborn Heights*
538 F. App'x 631 (6th Cir. 2013)……………………………………………………14

*Wilson v. Morgan*
477 F.3d 326 (6th Cir. 2007)………………………………………………………..9

*Wojtasinski v. Saginaw*
254 N.W.2d 71 (Mich. Ct. App. 1977)……………………………………....……..13

STATUTES:

Mich. Comp. Laws § 691.1407……...………………………………………….……12

42 U.S.C. § 1983……………………………………………………………………9

## BACKGROUND

Plaintiff Jaquetta Coopwood ("Plaintiff") filed the present lawsuit against Defendants Wayne County and Deputy Jonith Watts (collectively "Defendants"), alleging that on August 17, 2017, as a pretrial detainee at the Wayne County Jail Division I in Detroit, Michigan, that "she walked to the deputy desk in her unit and asked Deputy Watt if she could use the phone to contact her sister. [Plaintiff] alleges that when she asked Watt this question, Watt grabbed her right hand, bent it back, and dragged her back to her cell by her finders and hair, and kicked her in the stomach." *Coopwood v. Wayne County*, No. 20-12092, 2022 U.S. Dist. LEXIS 57026, *2 (E.D. Mich. Mar. 28, 2022) (unpublished). Defendants dispute that this alleged incident ever occurred or that she ever reported this incident either verbally or in writing to any Wayne County Jail staff. "On September 17, 2018, the Wayne County Circuit Court found [Plaintiff] guilty of second-degree murder. [Plaintiff] is currently serving an 18-year sentence at the Women's Huron Valley Correctional Facility." *Id*.

Plaintiff asserts five legal claims against Defendants: (1) Counts I and II (Fourteenth Amendment under 42 U.S.C. § 1983; (2) Counts III and IV (Eighth Amendment under 42 U.S.C. § 1983); and Count V (State Law Gross Negligence). As explained more fully below, Counts III and IV fail to state a claim against the Wayne County Defendants because the Eighth Amendment does not apply to the

facts of this case, Counts I and II fail to state a municipal liability claim under 42 U.S.C. § 1983 against Wayne County because Plaintiff fails to allege any plausible , and Count V fails to state a claim against the Wayne county Defendants.

## ARGUMENT

A. **Counts III and IV: Because Counts III and IV are Premised on Violations of the Eighth Amendment, They Fail as a Matter of Law Against Wayne County and Deputy Watts Because She Was a Pretrial Detainee During August 2017.**

Because Plaintiff was a pretrial detainee in the Wayne County Jail at all times relevant to the claims in the Complaint, the Eighth Amendment claims in Counts II and III fail as a matter of law. During August 2017, Plaintiff was being held in the Wayne County Jail pending a criminal trial that ultimately occurred during August and September of 2018. *See People v. Coopwood*, No. 346241, 2019 Mich. App. LEXIS 8274 (Mich. Ct. App. Dec. 26, 2019) (unpublished); (ECF No. 20-2, Judgment of Sentence). The Sixth Circuit has held that the Fourteenth Amendment applies to excessive force claims asserted by pretrial detainees and the Eighth Amendment applies to convicted prisoners serving sentences. *See Mercer v. Athens County*, No. 22-3904, 2023 U.S. App. LEXIS 16453, *10 (6th Cir. June 29, 2023) (unpublished) (summarizing the legal distinctions between Fourteenth and Eighth Amendment claims asserted under 42 U.S.C. § 1983).

Because the Eighth Amendment does not apply to Plaintiff and because she has already plead Fourteenth Amendment claims in Counts I and II, Counts III and IV fail to state a claim upon which relief can be granted against Defendants.

**B.   Counts I and II: The Complaint Fails to State Any Plausible Municipal Liability Claim Against Wayne County Under Any Theory Recognized By the Sixth Circuit.**

To the extent that Plaintiff alleges a Fourteenth Amendment municipal liability claim against Wayne County, the Complaint fails to present any plausible allegations to establish the factual basis for such a claim under any of the four theories of liability recognized by the Sixth Circuit.

It is well-established that a municipality may not be held vicariously liable for the actions of its employees under 42 U.S.C. § 1983. *See Connick v. Thompson*, 563 U.S. 51, 60, 131 (2011). Instead, a municipality may only be liable under § 1983 when its policy or custom causes the injury, regardless of the form of relief sought by the plaintiff. *See Los Angeles County v. Humphries*, 562 U.S. 29, 39 (2010) (citation omitted). The policy or custom must be the "moving force" behind the constitutional injury, and a plaintiff must identify the policy, connect the policy to the governmental entity, and show that the particular injury was incurred because of the execution of that policy. *See Turner v. City of Taylor*, 412 F.3d 629, 639 (6th Cir. 2005). Municipal liability claims require an underlying constitutional violation by an employee or agent. *See Wilson v. Morgan*, 477 F.3d 326, 340 (6th Cir. 2007).

The Sixth Circuit recognizes four general theories of municipal liability: "(1) the existence of an illegal official policy or legislative enactment; (2) that an official with final decision-making authority ratified illegal actions; (3) the existence of a policy of inadequate training or supervision; or (4) the existence of a custom of tolerance or acquiescence of federal rights violations." *Burgess v. Fischer*, 735 F.3d 462, 478 (6th Cir. 2013) (citation omitted). For theories (3) and (4), a plaintiff must provide plausible allegations supporting, and ultimately establish: "(1) the existence of a clear and persistent pattern of violating federal rights . . . ; (2) notice or constructive notice on the part of defendants; (3) the defendants' tacit approval of the unconstitutional conduct, such that their deliberate indifference in failing to act can be said to amount to an official policy of inaction; and (4) that the defendants' custom was the 'moving force,' or direct causal link for the constitutional deprivation." *See Powers v. Hamilton County Public Defenders Comm'n*, 501 F.3d 592, 607 (6th Cir. 2007) (citation omitted); *see Bickerstaff v. Lucarelli*, 830 F.3d 388, 402 (6th Cir. 2016) (requiring that a plaintiff plead the existence of prior incidents if pursuing an "inaction" theory of liability).

Here, the Complaint is devoid of any plausible allegations to support a municipal liability claim under any of the four recognized theories of municipal liability. She does allege that Wayne county had facially-unconstitutional policies, that a "final decisionmaker" at the Wayne County Sheriff's Office had actual

knowledge of unconstitutional conduct by Deputy Watts and then "ratified" it; that a well-known lack of training or supervision was the actual cause of the violation; or that the Jail had a "custom of tolerance" of unnecessary and gratuitous physical violence against female inmates. The Sixth Circuit has recognized that a Complaint must contain sufficient and plausible factual allegations for a municipal liability claim to state a claim upon which relief can be granted. *See, e.g., Annette v. Bradley*, No. 20-5657, 2020 U.S. App. LEXIS 39906, *2-3 (6th Cir. Dec. 18, 2020) (unpublished) (affirming the dismissal of municipal liability claims for failure to provide plausible allegations); *Mays v. Daviess County,* No. 21-5860, 2022 U.S. App. LEXIS 6570, *4 (6th Cir. Mar. 14, 2022) (unpublished) ("Mays's complaint alleged nothing suggesting that such a policy or custom caused Wyatt to injure him, so the district court properly dismissed the claims against the county"); *Brown v. Cuyahoga County*, 517 F. App'x 431, 436 (6th Cir. 2013) (unpublished) (affirming the dismissal of a municipal liability claim because of a lack of sufficient and plausible allegations).

Because the Complaint fails to provide any plausible allegations establishing the existence of a municipal liability claim, Counts I and II fail as a matter of law against Wayne County.

## C. Governmental Immunity Bars Any Michigan State Law Claim Asserted Directly Against Wayne County.

Count V fails to state a claim against Wayne County because Michigan's doctrine of government immunity generally bars all tort claims against local governments as long as the incident occurred within the exercise or discharge of a governmental function. *See* Mich. Comp. Laws § 691.1407(1) ("[A] governmental agency is immune from tort liability if the governmental agency is engaged in the exercise or discharge of a governmental function"). "To overcome governmental immunity for tort liability, then, plaintiffs . . . must either (1) plead a tort that falls within one of the GTLA's stated exceptions, or (2) demonstrate that the alleged tort occurred outside the exercise or discharge of a governmental function." *Genesee County Drain Comm'r v. Genesee County*, 869 N.W.2d 635, 642 (Mich. Ct. App. 2015) (citation omitted). None of the statutory exceptions to governmental immunity – the highway exception, the motor vehicle exception, the public building exception the governmental hospital exception, the proprietary function exception, or the sewage system event exception" applies in this case. *In re Bradley*, 835 N.W.2d 545, 551 n. 21 (Mich. 2013) (listing the exceptions).

"In determining whether a particular activity constitutes a governmental function, the focus is on the precise activity giving rise to plaintiff's claim rather than on the entity's overall or principal operation. Nonetheless, to use anything other than the general activity standard would all but subvert the broad governmental

immunity intended by the Legislature because it would be difficult to characterize any tortious act that is a governmental function." *Margaris v. Genesee County*, 919 N.W.2d 659, 668 (Mich. Ct. App. 2018) (citations and quotation marks omitted). "Governmental immunity is differentiated from the immunity given to individuals in that the immunity granted by the GTLA to a governmental entity is based upon the general nature of the activity of its employees, rather than the specific conduct of its employees." *Id*. (citations omitted). Michigan courts have long recognized that "the operation and maintenance of a jail is a governmental function" for the purposes of governmental immunity. *See, e.g., Wojtasinski v. Saginaw*, 254 N.W.2d 71, 72 (Mich. Ct. App. 1977) (citation omitted); *Roberts v. City of Troy*, 429 N.W.2d 206, 210 (Mich. Ct. App. 1988) ("The operation of a jail or detention facility is a governmental function, for which a [county] is generally immune").

Here, because Count V alleges a tort claim but does not allege or provide any plausible allegations that Wayne County was not engaged in the exercise or discharge of a governmental function when this tort occurred. Courts have held that governmental immunity bars tort claims involving allegations of assault and battery against the municipality. *See, e.g., Leftwich v. Driscoll*, No. 20-10881, 2022 U.S. Dist. LEXIS 99945, *16 (E.D. Mich. June 3, 2022) (unpublished) (holding that governmental immunity barred tort claims against a municipality where the claims were premised on excessive forced used by police officers); *Burnett v. City of*

*Highland Park*, No. 09-14238, 2011 U.S. Dist. LEXIS 124795, *22 (E.D. Mich. Oct. 28, 2011) (unpublished) ("Stevenson was employed at the police station and her duties on the day of the incident included monitoring and supervising pretrial detainees. This function is clearly a governmental activity, and the City has immunity for Burnett's state law claim of assault and battery").

Because governmental immunity bars the Michigan state law claims of gross negligence, Count V fails to state a claim against Wayne County.

**D. Count V Fails to State of a Claim of "Gross Negligence" Against Deputy Watts.**

Count V as lodged against Deputy Watts claim that she took the intentional actions of dragging Plaintiff by the hair and kicking her in the stomach. (Compl. ¶¶ 63-64). As recognized by the Court based on binding Sixth Circuit precedent, "Michigan courts prohibit plaintiffs from transforming claims involving elements of intentional torts into claims of gross negligence. In *Wells*, the Sixth Circuit held that a plaintiff's gross negligence claim against a police officer is barred because it arose from the same intentional acts as the plaintiff's assault and battery claim." *Leftwich*, 2022 U.S. Dist. LEXIS 99945, at *14-15 (citing *Wells v. City of Dearborn Heights*, 538 F. App'x 631, 641-42 (6th Cir. 2013) (unpublished)). "Michigan courts have repeatedly rejected attempts to transform claims involving elements of intentional torts into claims of gross negligence." *Wells*, 538 F. App'x at 642 (6th Cir. 2013) (quoting *VanVorous v. Burmeister*, 687 N.W.2d 132, 143 (Mich. Ct. App. 2004)).

Where the allegations in the Complaint describe intentional, and not negligent, conduct by a government employee, a gross negligence claim fails as a matter of law. *See, e.g., Latits v. Phillips*, 826 N.W.2d 190, 197 (Mich. Ct. App. 2012) ("[T[he gravamen of plaintiff's action is determined by considering the entire claim. That is, plaintiff cannot avoid the protections of immunity by 'artful pleading.' Moreover, this Court has rejected attempts to transform claims involving elements of intentional torts into claims of gross negligence") (citations and quotation marks omitted)' *Reynolds v. Addis*, No. 21-1454, 2022 U.S. App. LEXIS 9901, *16 (6th Cir. Apr. 11, 2022) (unpublished) ("Reynolds also asserts a claim of gross negligence against Addis. But under Michigan law, gross negligence is not an independent cause of action when the underlying claim is an intentional shooting of a suspect by an officer") (citations and quotation marks omitted).

Because Count V is premised upon alleged intentional conduct of assaulting and dragging Plaintiff, and not grossly negligent conduct, Michigan law requires the dismissal of the gross negligence claims against Deputy Watts.

## CONCLUSION

For the foregoing reasons, Defendants Wayne County and Deputy Watts respectfully requests that the Court grant its Motion to Dismiss as to:

(1)  Counts III and IV against both Defendants

(2)  Counts I and II against Defendant Wayne County; and

(3)  Count V against both Defendants.

Respectfully submitted,

By: *Anthony Monticciolo* (76013)
Assistant Corporation Counsel
James W. Heath
Wayne County Corporation Counsel
500 Griswold St., 30th Floor
Detroit MI 48226
(313) 224-5030

Dated: September 5, 2023

*Attorneys for Defendants Wayne County and Deputy Jonith Watts*

## CERTIFICATE OF SERVICE

I hereby certify that on September 5, 2023, I presented the forgoing motion, together with all exhibits, to the Clerk of this Court for filing by uploading these papers through the Pacer ECF system, which provided same to all parties of record.

s/ *Anthony P. Monticciolo*