UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JAQUETTA COOPWOOD,

        Plaintiff,

v.

        Case No. 20-cv-12092
        Honorable Linda V. Parker

COUNTY OF WAYNE, and
JONITH WATTS,

        Defendants.
_____/

## OPINION AND ORDER GRANTING DEFENDANTS' MOTION FOR PARTIAL DISMISSAL OF PLAINTIFF'S COMPLAINT AND INSTRUCTING PLAINTIFF TO FILE MOTION FOR LEAVE TO AMEND HER COMPLAINT

Jacquetta Ann Coopwood filed this prisoner civil rights action against Wayne County and Deputy Jonith Watts (collectively "Defendants") on August 4, 2020, alleging constitutional violations under 42 U.S.C. § 1983 and a state-law claim. (ECF No. 1.) The matter was appealed to the Sixth Circuit Court of Appeals on the issue of administrative exhaustion and then remanded, and it is now before the Court on Defendants' motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). (ECF No. 36.) The motion has been fully briefed. (ECF Nos. 41, 45.) For the reasons stated below, the Court is granting the motion with instructions for Coopwood to file a proper motion for leave to amend the Complaint within fourteen (14) days.

I.   **Motion to Dismiss Standard**

A Rule 12(b)(6) motion tests the legal sufficiency of the complaint. *RMI Titanium Co. v. Westinghouse Elec. Corp.*, 78 F.3d 1125, 1134 (6th Cir. 1996). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In deciding whether the plaintiff has set forth a "plausible" claim, the court must accept the factual allegations in the complaint as true. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). This presumption is not applicable to legal conclusions, however. *Iqbal*, 556 U.S. at 668. Therefore, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Twombly*, 550 U.S. at 555) (alteration added).

II.  **Factual and Procedural Background**

In mid-August 2017, Wayne County took Coopwood into custody on a charge of second-degree murder and placed her at the Wayne County jail. (ECF No. 1 at Page ID. 2.) Coopwood was about six months pregnant at the time. (*Id.*)

According to Coopwood, on August 17, 2017, Deputy Watts assaulted her. (ECF No. 1 at PageID. 2.) Coopwood claims she walked to the desk and asked Deputy Watts to use the phone to contact her sister. (*Id.*) Coopwood alleges that after asking this question, Deputy Watts "grabbed [Ms. Coopwood's] right hand,

2

bent it back, and dragged her back to her cell by both the fingers and hair." (*Id.* at PageID. 3.) Coopwood contends that Deputy Watts "kicked Ms. Coopwood in the stomach extremely hard with her heavy black boot" and that other Wayne County jail officials witnessed this alleged assault. (*Id.*) Coopwood claims that after this incident, she experienced pain in her abdomen but was not seen by a physician. (*Id.*)

After continued complaints to jail officials of pain and bloody discharge, Coopwood was eventually taken to the hospital. (*Id.* at PageID. 3-4.) After several other visits to the hospital, Coopwood's child was stillborn. (*Id.* at PageID. 4.)

On August 4, 2020, Coopwood filed this civil rights action alleging the following claims against Defendants: (I) excessive force in violation of the Fourteenth Amendment's Due Process and Equal Protection Clauses; (II) excessive force in violation of the Fourth Amendment's protection against unreasonable seizures; (III) excessive force in violation of the Eighth Amendment; (IV) deliberate indifference to medical needs in violation of the Eighth Amendment; and (V) gross negligence. (*See generally* ECF No. 1.) On September 5, 2023, Defendants filed the pending motion to dismiss some of Coopwood's claims. (ECF No. 36.)

Specifically, Defendants argue that Coopwood's excessive force claims in "Counts I and II fail to state a municipal liability claim under 42 U.S.C. § 1983

3

against Wayne County." (*Id.* at PageID. 428.) They assert that Coopwood's excessive force and deliberate indifference claims in "Counts III and IV fail to state a claim against the Wayne County Defendants because the Eighth Amendment does not apply to the facts of this case." (*Id.* at PageID. 427-428.) Defendants argue that Coopwood's gross negligence claim (Count V) fails because Wayne County is entitled to immunity under Michigan's Governmental Tort Liability Act ("GTLA") and because she alleges only intentional torts against Deputy Watts. (*Id.* at PageID. 432-434.) Defendants do not seek dismissal of Coopwood's excessive force claims against Deputy Watts asserted under the Fourteenth Amendment (Count I) or Fourth Amendment (Count II).[1]

In her response to Defendants' motion, Coopwood concedes many of the alleged flaws in her Complaint but argues that the proposed amended complaint attached to her response brief (ECF No. 41-1) would cure some of the defects (*see*

---

[1] The applicable constitutional amendment for resolving excessive force claims depends on the plaintiff's status at the time of the incident. *Coley v. Lucas Cnty.*, 799 F.3d 530, 537 (6th Cir. 2015). The Fourth Amendment applies to excessive force claims for instances leading up to and including the arrest, seizure, or investigatory stop and extending to the completion of the probable cause hearing, while the Eighth Amendment addresses excessive force claims involving convicted prisoners. *Id.* Excessive force claims involving pretrial detainees arise under the Fourteenth Amendment. *Id.* at 538. Coopwood should consider how this caselaw applies when seeking leave to amend the Complaint, particularly whether a claim under the Fourth Amendment is appropriate.

4

*generally* ECF No. 41).² In particular, Coopwood acknowledges that the Fourteenth Amendment and not the Eighth Amendment governs her claims under 42 U.S.C. § 1983 as she was a pretrial detainee during the period at issue. (*Id.* at PageID. 553.) Coopwood concedes that she has not pled a viable municipal liability claim against Wayne County. (*Id.*) Coopwood asserts that her gross negligence claim has been repleaded substantially to clarify the basis for the claim. (*Id.* at PageID. 554.)

### III. Proposed Amended Complaint

Coopwood's request for leave to amend the Complaint, made only in her response to Defendants' motion, is improper. Eastern District of Michigan Local Rule 7.1(i) provides that motions may not be combined with any other stand-alone document. In other words, Coopwood is precluded from combining her response to Defendants' motion and her request to amend.

While the Court considered overlooking Coopwood's procedural error for efficiency purposes, it concludes that doing so is improper and will not serve to advance this action. For example, Coopwood's proposed amended complaint seeks to add new claims and defendants. Before the Court decides whether to permit Coopwood to amend her complaint, Wayne County and Deputy Watts are

---

² As discussed *infra*, Coopwood has not properly moved to amend her Complaint. Nevertheless, the Court will refer to the document attached to her response brief as a "proposed amended complaint."

entitled to the opportunity to respond to her proposed amendments. Further, as discussed *infra*, several of Coopwood's proposed amendments do not cure the deficiencies in her pleading, and simply allowing the amendment will likely lead to the filing of another motion to dismiss.

Therefore, the Court does not construe Coopwood's response as a motion for leave to amend. Nevertheless, the Court has examined the proposed pleading and, as discussed *infra*, finds that it would partially cure the defects raised by Defendants.

## IV. Applicable Law and Analysis

### A. Coopwood's Excessive Force Claims Against Wayne County

Defendants argue that Coopwood fails to present allegations that establish a factual basis for Wayne County's municipal liability for any excessive force used against her. (ECF No. 36 at PageID. 429-431.)

According to *Monell v. Department of Social Services of City of New York*, 436 U.S. 658 (1978), and its progeny, a plaintiff may hold a municipality responsible for a "policy or custom" that inflicts a constitutional injury. *Id.* at 694; *see also Graham ex rel. Estate of Graham v. Cnty. of Washtenaw*, 358 F.3d 377, 383 (6th Cir. 2004). "To prove a *Monell* claim, plaintiffs must show that a government official violated their constitutional rights and that a municipal policy or custom is responsible for that violation." *Stucker v. Louisville Metro Gov't*, No.

6

23-cv-5214, 2024 WL 2135407, *5 (6th Cir. May 13, 2024). A plaintiff can demonstrate a municipal policy or custom by showing either "(1) the existence of an illegal official policy or legislative enactment; (2) that an official with final decision making authority ratified illegal actions; (3) the existence of a policy of inadequate training or supervision; or (4) the existence of a custom of tolerance or acquiescence of federal rights violations." *Kovalchuk v. City of Decherd,* 95 F.4th 1035, 1038 (6th Cir. 2024) (quoting *Burgess v. Fischer*, 735 F.3d 462, 478 (6th Cir. 2013)). The plaintiff "must also demonstrate that, through its deliberate conduct, the municipality was the moving force behind the injury alleged." *Bd. of the Cnty. Comm'rs v. Brown*, 520 U.S. 397, 404 (1997).

Coopwood "concedes that she has not pled a *Monell* claim at the present time." (ECF No. 41 at Page ID. 553.) The Complaint alleges that Deputy Watts "was acting under color of state and federal law in her capacity as a jail guard for the County when she used excessive force against Plaintiff." (ECF No. 1 at PageID. 5.) Coopwood uses the same language in the proposed amended complaint. (ECF No. 41-1 at PageID. 565.)

A municipality cannot be held liable "simply because it employs a tortfeasor, nor can it be liable 'for an injury inflicted solely by its employees or agents.'" *Kovalchuk*, 95 F.4th at 1038 (quoting *Monell*, 436 U.S. at 694). As Coopwood concedes, her statements do not allege sufficient facts to support the contention

7

that either Wayne County imposed an illegal official policy, a Wayne County official with final decision-making authority ratified any of Deputy Watt's alleged actions, Wayne County inadequately trained or supervised its employees, or Wayne County had a custom of tolerating federal rights violations.

Aside from her concession, Coopwood does not further address Defendants' municipal liability argument. Instead, Coopwood claims that the proposed amended complaint explains how Defendants "effectuated their policies and procedures and statutory obligations with Ms. Coopwood in a grossly negligent manner." (ECF No. 41 at PageID. 554.) The proposed amended complaint likewise fails to establish a factual basis for municipal liability because, rather than claiming that Wayne County's policy inflicted a constitutional injury, she argues that Deputy Watts violated Wayne County's policies.

In short, Coopwood fails to allege facts to support Wayne County's liability for her excessive force claims. Further, the proposed amended complaint does not cure the defect in the pleading to allege sufficient facts to hold Wayne County liable for these claims. Accordingly, the Court grants Defendants' motion to dismiss the excessive force claims (Counts I and II) against Wayne County, only.

**B.     Excessive Force and Deliberate Indifference in Violation of the Eighth Amendment Against Wayne County and Deputy Watts**

Defendants argue that Coopwood's excessive force and deliberate indifference claims under the Eighth Amendment (Counts III and IV, respectively)

8

fail as a matter of law because, during August 2017, Coopwood was a pretrial detainee. (ECF No. 36 at PageID. 428.) Coopwood concedes that these claims should be brought under the Fourteenth Amendment instead of the Eighth Amendment. (ECF No. 41 at PageID. 553.) Therefore, in her proposed amended complaint, Coopwood asserts her currently pled Eighth Amendment claims under the Fourteenth Amendment. (ECF No. 41 at PageID. 568-570.)

"[T]he Due Process Clause protects a pretrial detainee from the use of excessive force that amounts to punishment." *Graham v. Connor*, 490 U.S. 386, 395 n.10 (1989) (citing *Bell* v. *Wolfish*, 441 U.S. 520, 535-539 (1979)). After conviction, the Eighth Amendment is the "source of substantive protection" where an inmate challenges the deliberate use of excessive and unjustified force. *Whitley v. Albers*, 475 U.S. 312, 327 (1986). Similarly, for pretrial detainees, the "right to be free from deliberate indifference to their serious medical needs" arises under the Fourteenth Amendment's Due Process Clause. *Howell v. NaphCare, Inc.*, 67 F.4th 302, 310 (6th Cir. 2023).

For these reasons, the Court grants Defendants' motion to dismiss Coopwood's excessive force and deliberate indifferent claims under the Eighth Amendment (Counts III and IV). Though these claims fail as a matter of law, the

9

proposed amended complaint would cure the defect because therein Coopwood cites the Fourteenth Amendment as the source of her deliberate indifference claim.[3]

### C. Gross Negligence Against Wayne County

Defendants argue that governmental immunity bars Coopwood's gross negligence claim against Wayne County. (ECF No. 36 at PageID. 432-434.) Coopwood responds by discussing how the proposed amended Complaint demonstrates that "Wayne County and Deputy Watts were gross[ly] negligent in how they effectuated their policies and procedures and statutory obligations with Ms. Coopwood in a grossly negligent manner."[4] (ECF No. 41 at PageID. 554.)

Pursuant to the GTLA, "a governmental agency is immune from tort liability if the governmental agency is engaged in the exercise or discharge of a governmental function." Mich. Comp. Laws § 691.1407(1). To overcome governmental immunity for tort liability, a plaintiff "must either (1) plead a tort

---

[3] The proposed amended complaint properly seeks to bring the deliberate indifference claim under the Fourteenth Amendment. (ECF No. 41-1 at PageID. 568-570.) Coopwood need not replead her Count III excessive force claim to raise it under the Fourteenth Amendment because she already raises this claim in Count I in the Complaint. (ECF No. 1 at PageID. 4-6.)

[4] Though Coopwood argues that Wayne County's actions were grossly negligent in her response, it is unclear whether Coopwood intends to maintain this claim against Wayne County. In the proposed amended complaint, Coopwood lists gross negligence claims against Deputy Watts and a currently unnamed defendant, "Deputy Alan," but omits Wayne County as a defendant for these claims. (ECF No. 41-1 at PageID. 570-572.)

that falls within one of the GTLA's stated exceptions, or (2) demonstrate that the alleged tort occurred outside the exercise or discharge of a governmental function." *Genesee Cnty. Drain Comm'r v. Genesee Cnty.*, 869 N.W.2d 635, 642 (Mich. Ct. App. 2015). The express exceptions set forth in the GTLA are inapplicable here.[5] "[T]he Michigan Supreme Court has instructed courts to construe exceptions to the GTLA narrowly." *Tompkins v. Crown Corr. Inc.*, 726 F.3d 830, 839 (6th Cir. 2013) (citing *Ross v. Consumers Power Co.*, 363 N.W.2d 641, 659-60 (Mich. 1984)).

As defined in the statute, the County is a governmental agency. Mich. Comp. Laws § 691.1401(a), (e). A "government function" is "an activity that is expressly or impliedly mandated or authorized by constitution, statute, local charter or ordinance, or other law." *Id.* § 691.1401(b). "The immunity granted by the statute to a municipality is based upon the general nature of the activity of its employees, rather than the specific conduct of its employees." *Payton v. City of Detroit*, 536 N.W.2d 233, 241 (Mich. Ct. App. 1995) (citing *Smith v. Dep't of*

---

[5] The statutory exceptions to immunity provided to governmental agencies include "the highway exception, [Mich. Comp. Laws §] 691.1402; the motor-vehicle exception, [*id.* §] 691.1405; the public-building exception, [*id.* §] 691.1406; the proprietary-function exception, [*id.* §] 691.1413; the governmental-hospital exception, [*id.* §] 691.1407(4); and the sewage-disposal-system-event exception, [*id.* §] 691.1417(2) and (3)." *Odom v. Wayne Cnty.*, 760 N.W.2d 217, 227 n.62 (Mich. 2008) (quoting *Wesche v. Mecosta Cnty. Rd. Comm'n*, 480 Mich. 75, 84, 746 N.W.2d 847, 853 n.10 (2008)).

*Public Health*, 410 N.W.2d 749, 779 (Mich. 1987), aff'd sub nom *Will v. Mich. Dep't of State Police*, 491 U.S. 58 (1989)); *see also Margaris v. Genesee Cnty.*, 919 N.W.2d 659, 668 (Mich. Ct. App. 2018) (quoting *Payton*, 536 N.W.2d at 241). A county engages in a government function when it operates a jail or detention facility. *Jackson v. Saginaw Cnty.*, 580 N.W.2d 870, 873 (Mich. 1998); *Hill v. City of Saginaw*, 399 N.W.2d 398, 402 (Mich. Ct. App. 1986).

Wayne County is entitled to governmental immunity as to Coopwood's gross negligence claim because it acted broadly within its government function of operating a detention facility, and the statute's exceptions do not apply. Therefore, the Court grants Defendants' motion to dismiss Coopwood's gross negligence claim (Count V) against Wayne County.

### D. Gross Negligence Against Deputy Watts

Defendants argue that Coopwood's gross negligence claim fails against Deputy Watts because Coopwood may not transform claims involving intentional torts into claims of gross negligence. (ECF No. 36 at PageID. 434-435.) In response, Coopwood argues that her proposed amended complaint clarifies how the Defendants were "gross[ly] negligent in how they effectuated their policies and procedures." (ECF No. 41 at PageID. 554.)

12

The standard for establishing governmental immunity is different for negligent and intentional torts. *Latits v. Phillips,* 826 N.W.2d 190, 196 (Mich. Ct. App. 2012). With respect to negligence claims:

> Michigan law provides governmental employees acting on behalf of a governmental agency with immunity from tort liability for injuries they cause during the course of their employment if all of the following are met: (1) the employee is acting or reasonably believes he or she is acting within the scope of his or her authority, (2) the governmental agency is engaged in the exercise or discharge of a governmental function, and (3) the employee's conduct does not amount to gross negligence that is the proximate cause of the injury or damage.

*Bennett v. Krakowski*, 671 F.3d 553, 560 (6th Cir. 2011) (citing Mich. Comp. Laws § 691.1407(2)). The GTLA defines gross negligence as "conduct so reckless as to demonstrate a substantial lack of concern for whether an injury results." Mich. Comp. Laws § 691.1407(8)(a).

Meanwhile, the GTLA maintains "the law of intentional torts as it existed before July 7, 1986." Mich. Comp. Laws § 691.1407(3); *Odom v. Wayne Cnty.*, 760 N.W.2d 217 (Mich. 2008). Further, the immunity afforded to governmental employees from intentional tort liability to the extent allowed by the common law before that date is retained. *Odom*, 760 N.W.2d at 218. A governmental employee is immune from liability for intentional torts if: "(1) the employee's challenged acts were undertaken during the course of employment and . . . the employee was acting, or reasonably believed he was acting, within the scope of his authority, (2)

13

the acts were undertaken in good faith, and (3) the acts were discretionary, rather than ministerial, in nature." *Id.* at 218 (citing *Ross*, 363 N.W.2d at 667-668). The Michigan Supreme Court describes "a lack of good faith as 'malicious intent, capricious action or corrupt conduct' or 'willful and corrupt misconduct.'" *Id.* at 225 (quoting *Veldman v. Grand Rapids*, 265 N.W. 790, 794 (Mich. 1936); *Amperse v. Winslow*, 42 N.W. 823, 827 (Mich. 1889)).

When a plaintiff's claims of gross negligence are fully premised on claims of excessive force, he or she does not state a claim on which relief can be granted because Michigan courts reject "attempts to transform claims involving elements of intentional torts into claims of gross negligence." *VanVorous v. Burmeister*, 687 N.W.2d 132, 143 (Mich. Ct. App. 2004); *see also Miller v. Sanilac Cnty.*, 606 F.3d 240, 254 (6th Cir. 2010) (affirming the district court's grant of summary judgment on a gross negligence claim arising from a sheriff deputy's conduct during an arrest); *Morris v. City of Allen Park*, No. 12-cv-15328, 2014 WL 2116986 (E.D. Mich. May 21, 2014) (dismissing a gross negligence claim based on allegations that defendant officers used excessive force while escorting a plaintiff to and from a blood-alcohol test during his detention). In *Bletz v. Gribble*, where a police officer fatally shot a man while executing a bench warrant, the Sixth Circuit found that the district court properly dismissed the plaintiff's gross negligence claim because the "only cause of action available to plaintiff for allegations of this nature

14

would be for assault and battery." 641 F.3d 743, 756 (6th Cir. 2011). The Michigan Court of Appeals has directed trial courts to "summarily dismiss [the] plaintiff's gross negligence claims" when the "plaintiff's allegations plainly entail intentional conduct and behavior." *Thompson v. City of Detroit*, No. 361316, 2023 WL 6170536, *11 (Mich. Ct. App. Sept. 21, 2023). However, "plaintiffs are barred from bringing gross-negligence claims only if those claims are 'fully premised' on alleged intentional torts." *Brent v. Wayne Cnty. Dep't of Human Servs.*, 901 F.3d 656, 700-701 (6th Cir. 2018), *cert. denied*, 139 S. Ct. 1551 (2019).[6]

In the Complaint, Coopwood asserts that Defendants "showed gross negligence when [Deputy Watts] dragged Plaintiff by her hand and hair . . . and kicked her extremely hard in the belly." (ECF No. 1 at PageID. 9.) In the proposed amended complaint, Coopwood clarifies that Deputy Watts breached her duty of care in the "response to Ms. Coopwood's request for help, to call her sister," and by "slinging obscenities, threatening her, or resorting to violence and

---

[6] In *Reynolds v. Addis*, No. 18-cv-13669, 2020 WL 4260768 (E.D. Mich. July 24, 2020), the district court held that the plaintiff could bring a gross negligence claim based on an officer's duty to avoid conduct so reckless as to demonstrate a substantial lack of concern as to whether the injury resulted. However, the Sixth Circuit reversed and found that "gross negligence is not an independent cause of action when the underlying claim is an intentional shooting of a suspect by an officer." *Reynolds v. Addis*, No. 21-cv-1454, 2022 WL 1073832 (6th Cir. Apr. 11, 2022) (citing *Presnall v. Huey*, 657 F. App'x 508, 513 (6th Cir. 2016)).

15

physically assaulting her." (ECF No. 41-1 at PageID. 570-571.) Coopwood also alleges in the proposed amended complaint that Deputy Watts "disregarded Ms. Coopwood's complaints, and left her in her jail cell bleeding from her vagina, screaming for help and writhing in pain; afraid that she was at risk of losing her unborn child" and "failed to provide Ms. Coopwood with appropriate and prompt medical attention." (*Id.* at PageID. 572-573.)

As Defendants suggest, several of Coopwood's allegations in the Complaint and proposed amended complaint assert a claim of assault and battery.[7] Coopwood's allegations suggest that Deputy Watts' actions were not taken in good faith and thus would not be protected by qualified immunity for intentional torts. However, for reasons unknown to the Court, Coopwood neither brings an assault and battery claim in the Complaint nor the proposed amended complaint.

In her current Complaint, Coopwood's gross negligence claim against Deputy Watts is fully premised on her claim of excessive force and intentional

---

[7] Under Michigan law, "[a] battery is an intentional, unconsented and harmful or offensive touching of the person of another, or of something closely connected with the person." *Van Vleck v. Leikin, Ingber, & Winters, P.C.*, No. 22-cv-1859, 2023 WL 3123696, *4 (6th Cir. Apr. 27, 2023) (quoting *Lakin v. Rund*, 896 N.W.2d 76, 78 (Mich. Ct. App. 2016)). "Under Michigan law, an assault is any intentional unlawful offer of corporal injury to another person by force, or force unlawfully directed toward the person of another, under circumstances which create a well-founded apprehension of imminent contact, coupled with the apparent present ability to accomplish the contact." *Marshall v. City of Farmington Hills*, 693 F. App'x 417, 427 (6th Cir. 2017) (quoting *Espinoza v. Thomas*, 472 N.W.2d 16, 21 (Mich. Ct. App. 1991)).

conduct. For that reason, Defendants' motion to dismiss that claim is granted. Nevertheless, the Court would find that the facts alleged in the proposed amended complaint plausibly assert grossly negligent conduct.[8]

## V. Conclusion

Coopwood does not allege sufficient facts to establish Wayne County's municipal liability for the excessive force used against her. Her claims under the Eighth Amendment fail as a matter of law, as she was a pretrial detainee protected, instead, by the Fourteenth Amendment. Coopwood's state law gross negligence claim fails against Wayne County because it is protected by governmental immunity. The factual allegations in the Complaint support a state-law intentional tort claim against Deputy Watts rather than the gross negligence claim currently pleaded.

Meanwhile, Coopwood's proposed amended complaint would cure several defects raised by Defendants including the deliberate indifference claim against Defendants and the gross negligence claim against Deputy Watts.

Accordingly,

---

[8] According to the GTLA, gross negligence encompasses "conduct so reckless as to demonstrate a substantial lack of concern for whether an injury results." Mich. Comp. Laws § 691.1407(8)(a). Coopwood's proposed amended complaint sufficiently pleads gross negligence by alleging that Deputy Watts ignored her cries for help and signs of medical distress. *See Arthur v. Hepler*, No. 19-cv-11277, 2019 WL 6038530, *3-4 (E.D. Mich. 2019).

17

**IT IS ORDERED** that Defendants' motion to dismiss is **GRANTED** and Counts I and II are **DISMISSED** as to Wayne County, only, and Counts III, IV, and V are **DISMISSED** as to Wayne County and Deputy Watts.

**IT IS FURTHER ORDERED** that, within 14 days, Coopwood shall file a proper motion for leave to amend the Complaint if she still wishes to file an amended pleading, and the proposed amended pleading should reflect the Court's discussions herein.

s/ Linda V. Parker<br>LINDA V. PARKER<br>U.S. DISTRICT JUDGE

Dated: July 23, 2024