UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JAQUETTA ANN COOPWOOD,

  Plaintiff,

v.

COUNTY OF WAYNE, SGT. WATT,

  Defendants.

Case No. 2:20-cv-12092

Hon. Linda V. Parker

Mag. Judge David R. Grand

---

**DEFENDANTS, COUNTY OF WAYNE AND JONITH WATTS', MOTION FOR RECONSIDERATION OF THE COURT'S ORDER DENYING DEFENDANTS' MOTION FOR EVIDENTIARY HEARING**

**NOW COMES** Defendants, County of Wayne and Jonith Watts', by and through its attorneys, the Wayne County Corporation Counsel, and brings this Motion for Reconsideration of the Court's Order Denying Defendants' Motion for Evidentiary Hearing, hereby states the following:

1. The issue whether the Sixth Circuit recognizes a mental capacity exception to the exhaustion requirement of the Prison Litigation Reform Act ("PLRA") has already been determined in this matter by the Honorable Victoria A. Roberts of this District. See **ECF No. 22**. Specifically, Judge Robert concluded that "Coopwood failed to exhaust available administrative remedies in accordance with the Wayne County jail grievance process. She is precluded from brining a federal claim. The

i

Sixth Circuit does not recognize a mental capacity exception that would render the process unavailable to her." *Id*.

2. On appeal, the Sixth Circuit declined to address any mental capacity argument advanced by Coopwood. The Sixth Circuit concluded that "We need not presently decide this issue, however, because a genuine dispute of material fact exists with respect to whether the Jail's staff thwarted Coopwood's attempts at exhaustion." *Coopwood v. Wayne Cty.*, 74 F.4th 416, 424 (6th Cir. 2023).

3. Under the mandate rule, the Sixth Circuit limited the scope of any proceeding in this matter to be limited to the issue whether Jail staff thwarted Coopwoods attempts at exhaustion; it did not permit this District to review the mental capacity issue. The mandate rule instructs that the district court is without authority to expand its inquiry beyond the matters forming the basis of the appellate court's remand. *United States v. Campbell*, 168 F.3d 263, 265 (6th Cir. 1999).

4. Furthermore, Coopwood is attempting to advance two different theories of her case. On one hand, she submits that she did, in fact, file a grievance in this matter. On the other hand, Coopwood says that she lacked mental capacity to follow and comprehend the grievance process. Logically these two factual allegations both cannot be true.

ii

**WHEREFORE**, Defendants, County of Wayne and Jonith Watts', respectfully request that this Honorable Court reconsider its Opinion and Order issued in ECF No. 46 and Grant its Motion for a for a Bench Trial / Evidentiary Hearing, and provide any further relief this Court deems just and equitable. Furthermore, Defendants are also motivated to conducting a Bench Trial / Evidentiary on the issue whether Plaintiff had the mental capacity to comply with the jail grievance procedure, as Plaintiff's mental capacity was not fully presented to this court.

                                                Respectfully submitted,

                                                By: *Anthony P Monticciolo* (P76013)
                                                Assistant Corporation Counsel
                                                James W. Heath
                                                Wayne County Corporation Counsel
                                                500 Griswold St., 30th Floor
                                                Detroit MI 48226
                                                (313) 224-5030

Dated: July 29, 2024

                                                *Attorneys for Defendants Wayne*
                                                *County and Deputy Jonith Watts*

**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

JAQUETTA ANN COOPWOOD,

    Plaintiff,

v.

COUNTY OF WAYNE, SGT. WATT,

    Defendants.

Case No. 2:20-cv-12092

Hon. Linda V. Parker

Mag. Judge David R. Grand

_____/

**BRIEF IN SUPPORT OF DEFENDANTS, COUNTY OF WAYNE AND JONITH WATTS', MOTION FOR RECONSIDERATION OF THE COURT'S ORDER DENYING DEFENDANTS' MOTION FOR EVIDENTIARY HEARING**

**NOW COMES** Defendants, County of Wayne and Jonith Watts', by and through its attorneys, the Wayne County Corporation Counsel, and brings this Motion for Reconsideration of the Court's Order Denying Defendants' Motion for Evidentiary Hearing, hereby states the following:

iv

# **TABLE OF CONTENTS**

Statement of Issues Presented……………………………………………………1

Index of Authorities……………………………………………………………...2

Statement of Facts………………………………………………………………..3

Standard of Review…………………………………………………………...…7

Law and Argument…………………………..……………………………… 8

Conclusion………………………………………………………………...11

## **STATEMENT OF ISSUES PRESENTED**

I. **This Court is required to adhere to the Sixth Circuit's mandate and is limited to only the issue whether the Wayne County Jail thwarted Coopwood's ability to file a grievance. This Court is not permitted to address whether Coopwood had the mental capacity to comprehend the grievance process.**

II. **Coopwood is attempting to advance two different theories of her case. On one hand, she submits that she did, in fact, file a grievance in this matter. On the other hand, Coopwood says that she lacked mental capacity to follow and comprehend the grievance process. Logically these two factual allegations both cannot be true.**

## **INDEX OF AUTHORITIES**

*Hawkins v. Genesys Health Sys.*, 704 F. Supp. 2d 688 (E.D. Mich. 2010)…………7

*United States v. Henry*, 983 F.3d 214 (6th Cir. 2020)……………..……………...8

*United States v. Moore*, 131 F.3d 595 (6th Cir. 1997)…………………………….. 8

*United States v. O'Dell*, 320 F.3d 674b (6th Cir. 2003)…………………………….9

2

## STATEMENT OF FACTS AND PROCEDURAL POSTURE

As this court is well aware, this case has a lengthy history in this District. The undersigned will not belabor the court with redundant facts, but will provide a highlight of the relevant facts for purposes of deciding this motion.

Defendants filed a motion to dismiss this matter on September 30, 2020. (see **ECF 5**). The motion was not brought pursuant to under any rule under the Federal Rules of Civil Procedure, but was plead pursuant to the Prisoner Litigation Reform Act, see 42 U.S.C. § 1997e. In opposition to the motion to dismiss, Plaintiff offers two duplicitous and inconsistent, where only one can be true.

On one hand, Coopwood submits that she did, in fact, file a grievance in this matter. She presented a very detailed affidavit to support this allegation and specifically alleges in this affidavit that she filled out a paper "grievance form" and she further offers that "as a result of my complaints I was taken to the hospital." See **ECF No. 16-2**. On the other hand, Coopwood says that she lacked mental capacity to follow and comprehend the grievance process. Logically these two factual allegations both cannot be true.

Following reassignment to the Honorable Victoria A. Roberts of this District, Judge Roberts dismissed this matter. Judge Roberts concluded that Coopwood did not file a written grievance with the Wayne County Jail and that the Sixth Circuit does not recognize a mental capacity exception that would render the grievance

3

process unavailable to her. See **ECF No. 22.** Upon dismissal of this action, Coopwood filed a motion for reconsideration **(ECF No. 23)** and Judge Roberts denied same **(ECF No. 25).**

Subsequently, Coopwood appealed this dismissal and the Sixth Circuit remanded this matter to this District. Notably, the Sixth Circuit did not decide the issue whether a mental capacity exception to the PLRA applies to Coopwood. The Sixth Circuit limited the scope of this matter to whether Wayne County jail staff thwarted Coopwood's ability to file a grievance. As such, this District is left with the opinion of Judge Roberts in that a mental health exception to the PLRA does not apply in this matter.

Upon remand, Defendants requested a bench trial or evidentiary hearing on whether Plaintiff Coopwood exhausted her administrative remedies under the Prison Litigation Reform Act before this case proceeds any further. This court denied this request (See **ECF. No. 46**). The instant motion requests reconsideration of its Opinion and Order contained in **ECF. No. 46.**

It its Order Denying Defendants' Motion for an Evidentiary Hearing, this court vastly exceeded the mandate of the Sixth Circuit in that this court determined that Coopwood lacked the mental capacity to comprehend and appreciate the grievance procedure of the Wayne County Jail.

4

In addition to exceeding the Sixth Circuit's mandate, this court's opinion relied upon all the medical records that were summited in Defendants' Motion to Dismiss for its support in determining that Coopwood lacked mental capacity to understand the grievance process. It was erroneous for this court to consider Coopwood's medical records relied upon in prior proceedings because the majority of Coopwood's medical records have not been received in this matter.

Wayne County contracts all medical care to a third-party vendor, Wellpath. The only medical records provided in this matter are the records provided by Wellpath. The Wellpath records are not a complete and accurate medical history of Coopwood's mental condition during the relevant time periods advanced in her complaint.

First and foremost, the Detroit Medical Center ("DMC") records provided primarily consist of discharge records and intake notes. There are a significant amount of records contained at the DMC that have not been produced in this matter. It is not possible that this court can determine what Coopwood's mental condition was without a full and complete medical record. For example, Wellpath records show that Wellpath ordered an ultrasound that was conducted at DMC-Hutzel Women's Hospital on October 10, 2017. However, the medical records provided do not have the results of this study. This is important because this ultrasound post-dates the alleged incident that Coopwood claims callused her to deliver a stillbirth.

It is unknown what Coopwood's physical condition was at the time of this ultrasound.

Secondly, Coopwood was the subject of a competency exam in her criminal matter. It is unknown what the determination of her competency exam yielded. Furthermore, Coopwood underwent an examination for her sentencing; it is also unknown what this examination yielded. Coopwood provided a very detailed recitation of her psychiatric treatment (see **ECF No. 16-2**) where she provided specific diagnoses and treatment facilities. The records from these facilities have not been provided. In short, this court's opinion in ECF No. 46 relied upon very sparse and cherry picked medical records when it determined that Coopwood lacked the mental capacity to understand the grievance process. Therefore, it is not possible for this court to have concluded that Coopwood lacked mental capacity to file a written grievance in compliance with the PLRA.

## **STANDARD OF REVIEW**

While the Federal Rules of Civil Procedure do not expressly provide for motions for reconsideration, Local Rule 7.1(h)(2) allows for reconsideration of non-final orders "filed within 14 days after entry of the order," and brought under the following grounds:

    (A)    The court made a mistake, correcting the mistake changes the outcome of the prior decision, and the mistake was based on the record and law before the court at the time of its prior decision;
    (B)    An intervening change in controlling law warrants a different outcome; or
    (C)    New facts warrant a different outcome and the new facts could not have been discovered with reasonable diligence before the prior decision.

"To prevail on his motion to reconsider, Plaintiff "must not only demonstrate a palpable defect by which the court and the parties . . . have been misled but also show that correcting the defect will result in a different disposition of the case." *Oswald v. BAE Indus., Inc.*, No. 10-CV-12660-DT, 2010 U.S. Dist. LEXIS 137584, at *1 (E.D. Mich. Dec. 30, 2010). Motions for reconsideration should be used to correct "actual defects" in the court's opinion. *Id.* A "**palpable defect" is a "defect which is obvious, clear, unmistakable, manifest, or plain**." *Hawkins v. Genesys Health Sys.*, 704 F. Supp. 2d 688, 709 (E.D. Mich. 2010) (*quoting Ososki v. St. Paul Surplus Lines Ins. Co.*, 162 F. Supp. 2d 714, 718 (E.D. Mich. 2001)).

7

## LAW AND ARGUMENT

**I.      This Court is required to adhere to the Sixth Circuit's mandate and is limited to only the issue whether the Wayne County Jail thwarted Coopwood's ability to file a grievance.**

Upon vacating a district court's judgment, an appellate court's remand to the district court may be either general or limited. *United States v. Henry*, 983 F.3d 214, 226 (6th Cir. 2020). General remand "allows the district court to...[review] de novo, which means that the district court may redo the entire...process including considering new evidence and issues....Conversely, a limited remand constrains the district court's...authority to the issue or issues remanded." *United States v. Moore*, 131 F.3d 595, 597-8 (6th Cir. 1997) (citations omitted); see also *United States v. Campbell*, 168 F.3d 263, 265 (6th Cir. 1999) ("Limited remands explicitly outline the issues to be addressed by the district court and create a narrow framework within which the district court must operate.... General remands, in contrast, give district courts authority to address all matters as long as remaining consistent with the remand.")

"A limited remand must convey clearly the intent to limit the scope of the district court's review." *Campbell*, 168 F.3d at 267. "Although the particular intricacies of each case will influence" how to determine whether remand should be construed as limited, the Sixth Circuit "has established relevant principles." *Id.* at 266.

The first question is what part of the Sixth Circuit's mandate was "intended to define the scope of any subsequent proceedings." *Id*. This language could appear anywhere in the mandate, but "individual paragraphs and sentences must not be read out of context." *Id.* at 267. The scope of remand must reflect "the spirit of the mandate, taking into account the appellate court's opinion and the circumstances it embraces." *United States v. O'Dell*, 320 F.3d 674, 680-81 (6th Cir. 2003) (citing *United States v. Moored*, 38 F.3d 1419, 1421 (6th Cir. 1994)). In other words, the language of the remand itself "'must be read with the analysis offered in the opinion.'" *O'Dell*, 320 F.3d at 681 (citing *United States v. Santonelli*, 128 F.3d at 1237-38 (8th Cir. 1997)).

Here, a reading of the Sixth Circuit's opinion is clear that it intended for subsequent proceedings in this matter to be limited to the sole issue whether the Jail's staff thwarted Coopwood's attempts at exhaustion under the PLRA. The Sixth Circuit declined to address the mental capacity argument advanced by Coopwood on appeal the mental capacity argument has already been decided by this District by the Honorable Victoria A. Roberts. Furthermore, this court could not possible determine that Coopwood lacked mental capacity because Coopwood's mental condition was not fully documented to this court for it to make a determination.

If this court would like to determine if Coopwood had the mental capacity to comprehend and appreciate the grievance process of the Wayne County Jail, then

9

this court may conduct a bench trial or evidentiary hearing, in the same bench trial\evidentiary hearing related to on whether the Jail's staff thwarted Coopwood's attempts at exhaustion under the PLRA.

**II. Coopwood is attempting to advance two different theories of her case. On one hand, she submits that she did, in fact, file a grievance in this matter. On the other hand, Coopwood says that she lacked mental capacity to follow and comprehend the grievance process. Logically these two factual allegations both cannot be true.**

On one hand, Coopwood submits that she did, in fact, file a grievance in this matter. She presented a very detailed affidavit to support this allegation and specifically alleges in this affidavit that she filled out a paper "grievance form" and she further offers that "as a result of my complaints I was taken to the hospital." See **ECF No. 16-2**. On the other hand, Coopwood says that she lacked mental capacity to follow and comprehend the grievance process. Logically these two factual allegations both cannot be true.

These duplicitous arguments both cannot be true. Coopwood argues that she lacked mental capacity to appreciate and comprehend the grievance process. In support of her position, she provided a very detailed affidavit. See **ECF No. 16-2**. In this affidavit, Coopwood provided a very detailed recitation of her psychiatric treatment where she provided specific diagnoses, treatment facilities, and treatment history. She was able to articulate that she fully understands, appreciates and has insight into her mental condition at such time. She also states in her statement that

"...*I did fill out some type of paper, which I believe they told me was a grievance form*. ..." ECF No. 16-2, PageID.115, Paragraph 18.

After alleging that she did complete a physical grievance form, Coopwood now claims that she lacked mental capacity to complete a written grievance form.

## CONCLUSION

Defendants, County of Wayne and Jonith Watts', respectfully request that this Honorable Court reconsider its Opinion and Order issued in ECF No. 46 and Grant its Motion for a for a Bench Trial / Evidentiary Hearing, and provide any further relief this Court deems just and equitable. Furthermore, Defendants are also motivated to conducting a Bench Trial / Evidentiary on the issue whether Plaintiff had the mental capacity to comply with the jail grievance procedure, as Plaintiff's mental capacity was not fully presented to this court.

Respectfully submitted,

By: *Anthony P Monticciolo* (P76013)
Assistant Corporation Counsel
James W. Heath
Wayne County Corporation Counsel
500 Griswold St., 30th Floor
Detroit MI 48226
(313) 224-5030
*Attorneys for Defendants Wayne County and Deputy Jonith Watts*

Dated: July 29, 2024

11

## **CERTIFICATE OF SERVICE**

I certify that on July 29, 2024, I filed the foregoing, along with this Certificate of Service, with the Clerk of the Court via the court's electronic filing system which will send notice to all parties.

*/s/ Rachelle LaCroix*

Rachelle LaCroix, Paralegal