UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

JAQUETTA ANN COOPWOOD,

                  Plaintiff,

-vs-

COUNTY OF WAYNE,
SGT. WATT,

                  Defendants.

Case No. 2:20-cv-12092-LVP-DRG
Hon. Linda V. Parker
Mag. Judge David R. Grand

| | |
|---|---|
| Kevin A. Landau (P65601) | Anthony Monticciolo |
| The Landau Group, PC | Asst. Corporation Counsel |
| 38500 Woodward Ave., Ste. 310 | Wayne County Corporation Counsel |
| Bloomfield Hills, MI 48304 | Attorney for Defendant WayneCounty |
| 248.247.1153/248.671.0884 (fax) | 500 Griswold Street, 30th Floor |
| kevin@thelandaugroup.com | Detroit, MI 48226 |
| *Attorneys for Jaquetta Ann Coopwood* | |

**PLAINTIFF JAQUETTA COOPWOOD MOTION
FOR LEAVE TO FILE AN AMENDED COMPLAINT**

NOW COMES Plaintiff Jaquetta Coopwood, by and through her attorneys, The Landau Group, PC, and brings this Motion for Leave to Amend her complaint, hereby states as follows:

1. On or about September 5, 2023, Defendants filed a motion to dismiss. (See ECF Doc No. 37.)

2. In response to Defendants motion to dismiss, Plaintiff attached an amended complaint as an exhibit. (See ECF Doc No. 41-1.)

3. In Plaintiffs amended complaint, Plaintiff clarified various allegations and causes of action that were challenged by Defendants in their motion to dismiss, however, Plaintiff did not file a proper motion to amend her complaint.

4. Therefore, the Court instructed Plaintiff in its decision granting in part and denying in part Defendants motion to dismiss to file a proper motion to amend that was consistent with its decision. (The Courts opinion granting in part and denying in part is attached hereto as **Exhibit One**, ECF Doc No. 48.)

5. Accordingly, pursuant to Federal Civil Procedure Rule 15(a)(2), Plaintiff seeks leave to amend her complaint. (Said amended complaint is attached hereto as **Exhibit Two** and is consistent with the courts decision entered on July 23, 2024.)

WHEREFORE Plaintiff respectfully requests that the Court grant Plaintiff's motion to amend her complaint.

                                            Respectfully submitted,

                                            **THE LANDAU GROUP**

By:

                                            /s/ Kevin A. Landau

                                            _____
Kevin A. Landau (P65601)
38500 Woodward Ave., Ste. 310
Bloomfield Hills, MI 48304
248.247.1153

                                            *Attorneys for Plaintiff Jaqueta Coopwood*

Dated: August 5, 2024

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

JAQUETTA ANN COOPWOOD,

                Plaintiff,

-vs-

COUNTY OF WAYNE,
SGT. WATT,

                Defendants.

Case No.  2:20-cv-12092-LVP-DRG
Hon. Linda V. Parker
Mag. Judge David R. Grand

| Kevin A. Landau (P65601) | Anthony Monticciolo |
|---|---|
| The Landau Group, PC | Asst. Corporation Counsel |
| 38500 Woodward Ave., Ste. 310 | Wayne County Corporation Counsel |
| Bloomfield Hills, MI 48304 | Attorney for Defendant WayneCounty |
| 248.247.1153/248.671.0884 (fax) | 500 Griswold Street, 30th Floor |
| kevin@thelandaugroup.com | Detroit, MI 48226 |
| *Attorneys for Jaquetta Ann Coopwood* | |

**BRIEF IN SUPPORT OF JAQUETTA COOPWOOD'S MOTION
FOR LEAVE TO FILE AN AMENDED COMPLAINT**

NOW COMES Plaintiff Jaquetta Coopwood, by and through her attorneys, The Landau Group, PC, and brings this Motion for Leave to Amend her complaint, hereby states as follows:

3

# TABLE OF CONTENTS

| | |
|---|---:|
| Statement of Issues Presented | 5 |
| Index of Authorities Cited | 6 |
| Statement of Facts | 7 |
| Standard of Review and Applicable Law | 7 |
| Argument | 8 |
| Conclusion | 9 |

## **STATEMENT OF ISSUES PRESENTED**

SHOULD THE COURT GRANT LEAVE TO AMEND PLAINTIFF'S COMPLAINT UNDER FEDERAL RULE OF CIVIL PROCEDURE 15(a)(2)?

# INDEX TO AUTHORITIES CITED

*Aldini v. Johnson*, 609 F.3d 858, 864 (6th Cir. 2010) .......... 8

*Arthur v. Hepler*, No. 19-cv-11277, 2019 WL 6038530, *3-4 (E.D. Mich. 2019) .......... 9

*Foman v Davis*, 371 U.S. 178, 182 (1962) .......... 7

*Howard v. Kerr Glass Mfg. Co.*, 699 F.2d 330, 333 (6th circuit 1983) .......... 8

*Ret. Sys. V. Ernst & Young*, LLP, 622 F.3d 471, 486 (6th Cir. 2010) .......... 8

*Tefft v. Seward*, 689 F.2d 637, 639 (6th circuit 1982) .......... 8

## STATEMENT OF FACTS AND PROCEDURAL BACKGROUND

The instant case has a lengthy history, and procedural posture that has resulted in hundreds of pages of briefing, four years of litigation, and a published decision from the Court of Appeals. The factual basis underlying Plaintiff's complaint is succinctly recounted in the Court's recent decision "**OPINION AND ORDER GRANTING DEFENDANTS' MOTION FOR PARTIAL DISMISSAL OF PLAINTIFF'S COMPLAINT AND INSTRUCTING PLAINTIFF TO FILE MOTION FOR LEAVE TO AMEND HER COMPLAINT**" from July 23, 2024 (see **Exhibit One** hereto at ECF Doc No. 48, PageID 618-622), and is incorporated by reference hereto.

## STANDARD OF REVIEW AND APPLICABLE LAW

Under Federal Rule of Civil Procedure 15(a)(2), "the court should freely give leave [to amend a complaint] when justice so requires. "The Supreme Court has held that "in the absence of any apparent or declared reason – such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, etc. – the leave sought should, as the rules require, be "freely given." *Foman v Davis*, 371 U.S. 178, 182 (1962).

Similarly, the Sixth Circuit has noted that Rule 15 " plainly embodies a liberal amendment policy", *Louisiana School Emps. 'Ret. Sys. V. Ernst & Young*, LLP, 622 F.3d 471, 486 (6th Cir. 2010), and "the thrust of Rule 15 is to reinforce the principle that cases should be tried on their merits rather than the technicalities of pleadings." *Tefft v. Seward*, 689 F.2d 637, 639 (6th circuit 1982); see also *Howard v. Kerr Glass Mfg. Co*., 699 F.2d 330, 333 (6th circuit 1983) ("Amendments to pleadings, particularly where there is no surprise to the adversary party, are viewed with liberality by the courts").

## ARGUMENT

**A. The Court Should grant leave to Plaintiff to amend her complaint.**

In its opinion and order, the Court instructed Plaintiff (at FN 1) to discuss whether a Fourth Amendment excessive force claim was appropriate. Case law indicates that it was not, and as such the claim has been removed from the present complaint. See *Aldini v. Johnson*, 609 F.3d 858, 864 (6th Cir. 2010) (Fourth Amendment's prohibition against unreasonable seizures of person applies to excessive-force claims that arise in context of arrest or investigatory stop of free citizen).

Further, based on the Court's opinion, and case law cited therein, Plaintiff has also not alleged or included a municipal liability claim in its present amended complaint.

8

Likewise, based on the Court's opinion, Defendant Wayne County has been removed as a Defendant from the excessive force claims.

Finally, Plaintiff's gross negligence claims against Watts (and new Defendant Alan) have been kept in the amended complaint pursuant to the Court's Opinion. See **Exhibit One** hereto at ECF Doc No. 48, PageID 633, FN 8: ("Coopwood's proposed amended complaint sufficiently pleads gross negligence by alleging that Deputy Watts ignored her cries for help and signs of medical distress. *See Arthur v. Hepler*, No. 19-cv-11277, 2019 WL 6038530, *3-4 (E.D. Mich. 2019).")

Accordingly, Plaintiff has amended her complaint based on the instructions of the court and well settled case law. Therefore, given the liberality of amended pleadings, the Court should grant Plaintiff's motion to amend her complaint to assert the claims therein and move this case to the discovery phase.[1]

## CONCLUSION

For the foregoing reasons, Plaintiff respectfully submits that the Court grant leave and allow Plaintiff to amend her complaint as provided in the Amended Complaint attached hereto as **Exhibit Two**.

Respectfully submitted,

**THE LANDAU GROUP**

By:

---

[1] Plaintiff has also included new Defendants in her amended complaint, however, said defendants are not presently before the Court and would obviously have the ability to contest said claims after proper service and time to answer.

9

        /s/ Kevin A. Landau

        _____
        Kevin A. Landau (P65601)
        38500 Woodward Ave., Ste. 310
        Bloomfield Hills, MI 48304
        248.247.1153

Dated: August 5, 2024        *Attorneys for Plaintiff Jaqueta Coopwood*