UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JAQUETTA COOPWOOD,

    Plaintiff,

v.

                                Case No. 20-cv-12092
                                Honorable Linda V. Parker

COUNTY OF WAYNE, and
JONITH WATTS,

    Defendants.
_____/

## OPINION AND ORDER DENYING DEFENDANTS' MOTION FOR RECONSIDERATION (ECF NO. 49)

This matter is before the Court on Defendants' motion for reconsideration of a July 13, 2024 decision denying their motion for evidentiary hearing. In that decision, the Court held that Plaintiff Jaquetta Coopwood's mental condition rendered the Wayne County Jail's administrative remedies unavailable to her; and, therefore, she was excused from the administrative exhaustion requirements in the Prison Litigation Reform Act ("PLRA"). (ECF No. 46 at PageID. 611-13.) As a result, the Court found it unnecessary to address, and thus hold an evidentiary hearing to decide, whether jail officials thwarted Coopwood's attempts to exhaust those remedies. (*Id.* at PageID. 613.) Defendants seek reconsideration pursuant to Eastern District of Michigan Local Rule 7.1(h)(2). (ECF No. 49.) Coopwood responded to Defendants' motion. (ECF No. 57.)

Eastern District of Michigan Local Rule 7.1 instructs that "[m]otions for reconsideration of non-final orders are disfavored" and may be granted on only three grounds: (1) a mistake of the court "based on the record and law before the court at the time of its prior decision" if correcting the mistake would change the outcome of the prior decision; (2) "[a]n intervening change in controlling law warrants a different outcome"; or (3) "[n]ew facts warrant a different outcome and the new facts could not have been discovered with reasonable diligence before the prior decision." E.D. Mich. LR 7.1(h)(2). Defendants claim errors of law.

Specifically, Defendants assert that the Honorable Victoria A. Roberts, to whom this case was previously assigned, already resolved the question of whether there is a mental capacity exception to the PLRA's exhaustion requirement, holding that there is not. (*See* ECF No. 22.) Defendants maintain that the undersigned was bound by this decision. Defendants further contend that the mandate issued by the Sixth Circuit after reversing Judge Roberts' decision granting summary judgment to Defendants on exhaustion grounds did not permit the consideration of any issue on remand other than whether jail officials thwarted Coopwood's exhaustion efforts. Defendants reason that it was Judge Roberts' decision on this issue, and

2

only this issue, that the Sixth Circuit reversed after finding a genuine issue of material fact precluding summary judgment.[1]

First, to the extent Defendants believe this Court is bound by Judge Roberts' holding, they are incorrect. "A district court has the inherent power to reconsider and modify its interlocutory orders prior to the entry of judgment." *Smith v. Massachusetts*, 543 U.S. 462, 475 (2005) (Ginsburg, J., dissenting) (quoting *United States v. LoRusso*, 695 F.2d 45, 53 (2d Cir. 1982)); *see also Cox v. Koninkliijke Philips, N.V.*, 647 F. App'x 625, 631 (6th Cir. 2016) (citing *Mallory v. Eyrich*, 922 F.2d 1273, 1282 (6th Cir. 1991); *Marconi v. Wireless Tel. Co. v. United States*, 320 U.S. 1, 47-48 (1943)). Further, a prior order or ruling "may be modified to the same extent if the case is reassigned to another judge." *In re United States*, 733 F.2d 10, 13 (2d Cir. 1984) (citing *Slotkin v. Citizens Casualty Co. of N.Y.*, 614 F.2d 301, 312 (2d Cir. 1979), *cert. denied* 449 U.S. 981 (1980)); *see also Reed v. Rhodes*, 179 F.3d 453, 473 (6th Cir. 1999) (finding no error in new judge's reconsideration of previous judge's ruling after matter was reassigned); *Cale v. Johnson*, 861 F.2d 943, 94748 (6th Cir. 1988) (rejecting the appellant's argument that the district judge, to whom the case had been reassigned, erred by granting the appellee's motion for summary judgment after the district judge to

---

[1] Based on that conclusion, the Sixth Circuit found it unnecessary to address Judge Roberts' holding regarding the mental capacity exception. *See Coopwood v. Wayne Cnty.*, 74 F.4th 416, 423-24 (6th Cir. 2023).

3

whom the case was previously assigned denied two similar motions) (citing *Dictograph Prods. Co. v. Sonotone Corp.*, 230 F.2d 131, 134 (2d Cir.), *cert. denied*, 352 U.S. 883 (1956)); *United States ex rel. Petratos v. Genentech Inc.*, 855 F.3d 481, 493 (3d Cir. 2017) (quoting *Fagan v. City of Vineland*, 22 F.3d 1283, 1290 (3d Cir. 1994)) (holding that the transfer from one judge to another "does not limit the power of trial judges from reconsidering issues previously decided by a predecessor judge"); *Rimbert v. Eli Lilly & Co.*, 647 F.3d 1247, 1253 (10th Cir. 2011) (noting when a new judge is assigned to a case, it is within his or her discretion to revisit issues of discretion); *Langevine v. District of Columbia*, 106 F.3d 1018, 1020 (D.C. Cir. 1997) (explaining that the reassigned judge had ability to reconsider the previous judge's decision); *Cannon v. Principal Health Care of La.*, 87 F.3d 1311 (5th Cir. 1996) (per curiam) (permitting reconsideration by reassigned judge); *Amarel v. Connell*, 102 F.3d 1494, 1515 (9th Cir. 1996) (rejecting challenge to a decision, which contravened the previously-assigned judge's earlier order). A district court may reconsider an earlier decision in response to a party's motion, as well as sua sponte. *See In re Saffady*, 524 F.3d 799, 802-03 (6th Cir. 2008).

Second, contrary to Defendants' assertion, the Sixth Circuit's mandate did not preclude this Court from considering the mental capacity exception issue on remand. The Sixth Circuit reversed Judge Roberts' decision and remanded "for

4

further proceedings consistent with [its decision]." (*See* ECF No. 30.) The Sixth Circuit has indicated that this exact language constitutes a general remand order. *See Owner-Operator Indep. Drivers Assoc., Inc. v. Comerica Bank*, 562 F. App'x 312, 331 (2014) (citing *United States v. Lopez*, 453 F. App'x 602, 604 (6th Cir. 2011)). General remands do not explicitly outline or limit the issues to be addressed on remand. *See United States v. Henry*, 983 F.3d 214, 226 (6th Cir. 2020) (citing *United States v. Campbell*, 168 F.3d 263, 265 (6th Cir. 1999)). Instead, the district court has the "authority to address all matters as long as remaining consistent with the remand." *Id.* (quoting *Campbell*, 168 F.3d at 265).

This Court's consideration of the mental capacity exception to the PLRA's exhaustion requirement was consistent with the remand order. The Sixth Circuit declined to decide whether there is such an exception under the statute. The appellate court did suggest, however, that an inmate's capacity to understand and access the prison's grievance system must be considered in deciding whether administrative remedies were available to the inmate. *Coopwood v. Wayne Cnty.*, 74 F.4th at 422-24.

Finally, the Court does not find Coopwood's exhaustion arguments to be incompatible. She has argued that prison officials thwarted her ability to file a grievance and that she, in any event, lacked the mental capacity to comply with the

jail's exhaustion requirements. These are not necessarily inconsistent. Both can be true.

Prison officials may not have provided Coopwood with the "Inmate Handbook" which described the grievance process, and they may not have provided her with the proper forms to exhaust her administrative remedies. At the same time, as this Court has found, Coopwood's impaired cognitive function due to mental illness rendered her incapable of understanding and complying with the prison's exhaustion requirements. Coopwood's statement in this litigation that she filled out some type of paper, and "believes" that she was told it was a grievance form, does not negate either argument when there is no evidence of the proper grievance form being timely submitted by her.

For these reasons, Defendants' motion for reconsideration (ECF No. 49) is **DENIED**.

     **SO ORDERED**.

                                            s/ Linda V. Parker
                                            LINDA V. PARKER
                                            U.S. DISTRICT JUDGE

Dated: February 24, 2025