UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JAQUETTA COOPWOOD,

       Plaintiff,

v.

       Case No. 20-cv-12092
       Honorable Linda V. Parker

COUNTY OF WAYNE, and
JONITH WATTS,

       Defendants.
_____/

## OPINION AND ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR LEAVE TO FILE AN AMENDED COMPLAINT (ECF NO. 51)

On August 4, 2020, Plaintiff Jacquetta Coopwood filed this lawsuit pursuant to 42 U.S.C. § 1983 and state law against Defendants County of Wayne ("Wayne County") and Wayne County Jail Deputy Jonith Watts. (*See* ECF No. 1.) The matter is presently before the Court on Coopwood's motion to file an amended complaint pursuant to Federal Rule of Civil Procedure 15(a)(2). (ECF No. 51.) In her proposed Amended Complaint, Coopwood seeks to add claims and additional defendants (Wellpath LLC, "Deputy Alan" and "Nurse Crenshaw"). (*See* ECF No. 51-2.) Defendants oppose the motion, arguing that it would be futile for Coopwood to add some of her proposed claims and the additional parties. (ECF No. 56.)

**Background**

After a lengthy procedural history where Defendants unsuccessfully sought the dismissal of this lawsuit on exhaustion grounds, they moved to dismiss some of Coopwood's claims pursuant to Federal Rule of Civil Procedure 12(b)(6). (ECF No. 36.) Specifically, Defendants sought dismissal of the following: (Count III) excessive force in violation of the Eighth Amendment; (Count IV) deliberate indifference to medical needs in violation of the Eighth Amendment; and (Count V) gross negligence. (*See id.*) Defendants did not move for dismissal of Plaintiff's claims alleging excessive force in violation of the Fourteenth Amendment (Count I) or excessive force in violation of the Fourth Amendment (Count II).

Coopwood filed a response to Defendants' Rule 12(b)(6) motion. (ECF No. 41.) In her brief, Coopwood also sought leave to file a proposed attached Amended Complaint to correct some of the defects identified by Defendants. (*See* ECF No. 41-1.)

In an opinion and order issued on July 23, 2024, this Court declined to consider Coopwood's request to amend her pleading because the request was improperly incorporated in her response brief. (ECF No. 48 at PageID. 621-22 (citing E.D. Mich. LR 7.1(i)).) The Court, however, instructed Coopwood to file a proper motion for leave to amend her Complaint consistent with the decision, if she still wished to amend the pleading. (*See id.* at 617, 634.)

The Court then went on to hold that, because Coopwood was a pretrial detainee at the time of the conduct from which her claims arose, her Eighth Amendment claims were subject to dismissal and should be pled instead under the Fourteenth Amendment, to the extent they were not already. (*See id.* at PageID. 624-25.) The Court also found that Coopwood failed to assert viable excessive force and gross negligence claims against Wayne County. (*Id.* at PageID. 622-24, 626-28.) As to Coopwood's gross negligence claim against Watts, the Court found that the claim failed to the extent it was based on the alleged excessive force Watts allegedly used against her. (*Id.* at PageID. 628-33.) The Court indicated, however, that the allegations in Coopwood's then proposed amended complaint concerning Watts' alleged disregard of her need for medical attention plausibly alleged gross negligence. (*Id.* at PageID. 632-33.) Finally, although Defendants did not seek dismissal of Coopwood's Fourth Amendment claim, the Court instructed Coopwood to consider relevant caselaw and decide whether this claim should be included in any proposed amended complaint. (*Id.* at PageID. 620 n.1.)

On August 5, 2024, Coopwood filed her pending motion to amend her Complaint. In the proposed Amended Complaint attached to the motion, Coopwood asserts the following claims:

> Count One:  Excessive force in violation of the Fourteenth Amendment's Due Process and Equal Protection Clause[s] against Watts;[1]
>
> Count Two:  Deliberate indifference in violation of the Fourteenth Amendment against "[j]ail officials[] and their staff";[2]
>
> Count Three:  Gross negligence against Alan and Watts
>
> Count Four:  Gross negligence against Alan and Watts for failing to provide necessary medical care;
>
> Count Six:[3]  Negligence against Wellpath and Crenshaw based on a lack of medical care; and
>
> Count Seven:  Negligence against Wellpath related to Coopwood's need for psychiatric care and/or medication.

(ECF No. 51-2.)  As indicated, Defendants oppose Coopwood's motion.  (ECF No. 56.)  They argue that her proposed claims against Alan and Crenshaw and any claims arising from conduct beyond Watt's alleged assault and battery or excessive force are futile, as they are time barred.  Defendants further argue that any claims against Wayne County are futile.

---

[1] Coopwood does not specifically identify Watts as the subject of this Count in the heading, although the allegations within this count refer only to him.

[2] Again, Coopwood does not identify in the heading of this count the named defendants involved in this alleged violation.  In the paragraphs that follow, however, she refers to "[j]ail officials, and their staff" and "Defendants."

[3] The proposed Amended Complaint does not include a Count Five.

## Standard of Review

Rule 15 instructs district courts to "freely" grant leave to amend "when justice so requires." *See* Fed. R. Civ. P. 15(a). The United States Supreme Court has advised that a plaintiff should be allowed the opportunity to test a claim on the merits if the facts and circumstances underlying the claim suggest that it may be a proper subject of relief. *Foman v. Davis*, 371 U.S. 178, 182 (1962); *see also Schiavone v. Fortune*, 477 U.S. 21, 27 (1986) (quoting *Foman*, 371 U.S. at 181) (indicating "that decisions on the merits are not to be avoided on the basis of 'mere technicalities'"). However, the Court further instructed that a motion to amend a complaint should be denied if the amendment is brought in bad faith or for dilatory purposes, results in undue delay or prejudice to the opposing party, or would be futile. *Id*.

Defendants only assert futility as a reason for denying Coopwood's proposed amendments. A proposed amendment is futile when it fails to state a claim upon which relief can be granted and thus would be subject to dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6). *Rose v. Hartford Underwriters Ins. Co.*, 203 F.3d 417, 420 (6th Cir. 2000).

## Analysis

### Coopwood's Proposed Addition of New Parties

Defendants asserts that it would be futile for Coopwood to add Alan and Crenshaw as defendants because the claims against them are time-barred.[4] As Coopwood did not file a reply brief, she has not addressed Defendants' assertion.

Coopwood's proposed claims under § 1983 are subject to a three-year limitations period, which began to run at some time in 2017, when Coopwood knew or had reason to know that the conduct providing the basis for her injuries occurred. *See Garza v. Lansing Sch. Dist.*, 972 F.3d 853, 867 n.8 (6th Cir. 2020). Coopwood's negligence claims also are subject to a three-year limitations period, which began to run at the time of her injuries in 2017. Mich. Comp. Laws § 600.5805(2). Therefore, unless these claims relate back to the filing of this action in August 2020, they are time barred.

Rule 15(c) addresses the relation back of amendments and reads, in relevant part:

> (1) An amendment to a pleading relates back to the date of the original pleading when:
>
> (A) the law that provides the applicable statute of limitations allows relation back;

---

[4] In their response brief, Defendants do not mention Coopwood's attempted addition of Wellpath LLC. (*See generally* ECF No. 56.) However, the same arguments raised as to Alan and Crenshaw apply to Wellpath.

> (B) the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading; or
>
> (C) the amendment changes the party or the naming of the party against whom a claim is asserted, if Rule 15(c)(1)(B) is satisfied and if, within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment:
>
>> (i) received such notice of the action that it will not be prejudiced in defending on the merits; and
>>
>> (ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.

Fed. R. Civ. P. 15(c)(1). None of these provisions enable Coopwood to name new defendants in this action.

Subsection (A) is inapplicable because "§ 1983 has no relation-back provision." *Durham v. Martin*, 388 F. Supp. 3d 919, 931 (M.D. Tenn. 2019), *aff'd* 789 F. App'x 533 (6th Cir. 2020) (citing *Reiner v. Canale*, 301 F. Supp. 3d 727, 734 (E.D. Mich. 2018)). Nor does Michigan's applicable statute of limitations. *See Muto v. Kosma*, No. 22040, 2001 WL 1512074, at *1 (Mich. Ct. App. Nov. 27, 2001) (citing *Hurt v. Michael's Food Ctr.*, 559 N.W.2d 660, 665 (Mich. Ct. App. 1996)). The Sixth Circuit has made clear that subsection (B) "allows relation back of an amendment asserting a 'claim or defense,' but it does not authorize the relation back of an amendment adding a new *party*." *Asher v. Unarco Material Handling, Inc.*, 596 F.3d 313, 318 (2010); *see also Zakora v. Chrisman*, 44 F.4th

452, 480 (6th Cir. 2022) (quoting *Asher*, 596 F.3d at 318) ("This court has repeatedly held that 'an amendment which adds a new party creates a new cause of action and there is no relation back to the original filing for purposes of limitations.'").

While Rule 15(c)(1)(C) provides for the relation-back of amendments changing a party or its name, "the type of 'changes' permitted are limited to corrections of misnomers or misdescriptions." *Asher*, 596 F.3d at 319 (citations omitted). Sixth Circuit precedent "clearly holds that 'an amendment which adds a new party creates a new cause of action and there is no relation back to the original filing for purposes of limitations.'" *Id.* at 318 (quoting *In re Kent Holland Die Casting & Plating, Inc.*, 928 F.2d 1448, 1449-50 (6th Cir. 1991)); *see also Kellom v. Quinn*, 86 F.4th 288, 294 (6th Cir. 2023) (citations omitted) (explaining that "this 'relation-back' doctrine doesn't apply when the amended complaint adds a new [party]").

For these reasons, Coopwood's proposed claims against any new defendants (i.e., Alan, Crenshaw, and Wellpath) are futile. Thus, the Court agrees with Defendants that Coopwood's Amended Complaint must not add new defendants to this action.

## Claims Against Wayne County

Defendants interpret Coopwood's proposed Amended Complaint as asserting a § 1983 claim against Wayne County, and they argue that Coopwood "fails to provide any plausible allegations establishing the existence of a municipal liability claim[.]" (ECF No. 56 at PageID. 727.) Coopwood states in her motion, however, that she "has . . . not alleged or included a municipal liability claim in [the] present amended complaint." (ECF No. 51 at PageID. 660.) None of her claims, in fact, refer to Wayne County.

Thus, although Coopwood includes Wayne County in the caption of her proposed Amended Complaint, she is not alleging any claims against this party. The Court is therefore terminating Wayne County from this lawsuit. Any amended pleading should not list it as a defendant.

## Deliberate Indifference

In their response brief, Defendants seem to argue that Coopwood's original pleading described only the alleged excessive force and assault and battery of her by Watts and, therefore, any claims arising from subsequent conduct are also time barred. (*See* ECF No. 56 at PageID. 723-24.) The Court disagrees with Defendants' reading of Coopwood's initial Complaint. She specifically described her medical condition resulting from Watts' conduct and alleged that she did not receive needed treatment in response for several days. (*See* ECF No. 1 at PageID.

9

3 ¶¶ 19-22; *see id.* at PageID. 7-8 ¶¶ 54-60.)  Nevertheless, the Court finds a different deficiency in Coopwood's deliberate indifference claim.

In her initial and proposed amended pleading, Coopwood fails to specifically identify who was aware of and ignored her medical needs.  Instead, Coopwood alleges that "[j]ail officials[] and their staff[] were deliberately indifferent to [her] medical conditions[.]"  (ECF No. 1 at PageID. 8 ¶ 54; *see also id.* ¶ 55; ECF No. 51-2 at PageID. 691 ¶¶ 51-52.)  In other paragraphs she refers generally to "Defendants."  (ECF No. 1 at PageID. 8 at ¶¶ 57-58, 60; ECF No. 51-2 at PageID. 692 ¶¶ 56-57, 59.)  The Sixth Circuit has held that such categorical references are insufficient to identify the personal involvement of any individual and, therefore, fail to satisfy a plaintiff's pleading obligations.  *See Marcilis v. Twp. of Redford*, 693 F.3d 589, 596 (2012) (explaining that a pleading referring to all defendants generally and categorically is insufficient to allege each individual's personal involvement and, therefore, liability); *see also id.* (quoting *Robbins v. Oklahoma*, 519 F.3d 1242, 1250 (10th Cir. 2008)) ("Given the complaint's use of either the collective term 'Defendants' or a list of the defendants named individually but with no distinction as to what acts are attributable to whom, it is impossible for any of these individuals to ascertain what particular unconstitutional acts they are alleged to have committed."); *id.* (quoting *Atuahene v. City of Hartford*, 10 F. App'x 33, 34 (2d Cir. 2001)) (brackets omitted) ("'By lumping all the defendants together in

10

each claim and providing no factual basis to distinguish their conduct, the plaintiff's complaint failed to satisfy the minimum standard' that 'a complaint give each defendant fair notice of what the plaintiffs claim is and the ground upon which it rests.'") (brackets omitted).

Therefore, although the Court rejects Defendants' argument that Coopwood is time-barred from asserting claims arising from conduct after Watts' alleged assault and battery or use of excessive force, it finds that her proposed pleading does not sufficiently allege a claim against Watts based on any subsequent conduct. Any added claims must specifically plead facts to establish Watts' liability. Stated differently, Coopwood must describe what Watts knew and failed to do to in the period after the alleged assault and battery or use of excessive force. If Coopwood is unable to plead such facts, any deliberate indifference or negligence claim arising after the assault or excessive force is futile.

## Conclusion

For the reasons stated, the Court is granting in part and denying in part Coopwood's request to amend her Complaint. Within fourteen (14) days of this Opinion and Order, Coopwood may file an amended complaint consistent with this decision, as well as the Court's July 23, 2024 decision. To summarize, the amended complaint may not add new defendants and should no longer include Wayne County. It may include an excessive force claim under the Fourteenth

11

Amendment against Watts and a deliberate indifference claim under the Fourteenth Amendment against Watts *if* Coopwood can allege facts plausibly alleging that he was deliberately indifferent. The amended complaint may also include gross negligence claim(s) against Watts provided the claims are not premised on an intentional tort.

**SO ORDERED**.

s/ Linda V. Parker
LINDA V. PARKER
U.S. DISTRICT JUDGE

Dated: February 24, 2025

12